ROCKWELL *et al. v.* HURST.

*(Common Pleas of New York City and County, General Term.* February 2, 1891.)

1. BROKERS—PROCUREMENT OF LOAN—COMPENSATION.

Defendant employed plaintiffs, for a promised compensation, to procure a person who would furnish money to erect a factory for defendant's business, on terms satisfactory to him. Plaintiffs procured a person willing to furnish the money, but

before the question of terms was reached, defendant abandoned the negotiations, on discovering that the factory would cost more than he had anticipated. *Held,* that plaintiffs were entitled to compensation, and, as it did not appear that the terms on which the money would have been furnished would not have been satisfactory to defendant, a jury might properly find that plaintiffs had substantially performed their contract, and a verdict in their favor for the whole amount promised should be sustained, though there was no proof as to the value of the services rendered.

2. APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.
Where there are no exceptions to the charge to the jury, and no request to submit particular questions to them, there can be no review, on appeal, of the correctness of the charge or of anything connected with the submission of the case to the jury.

3. SAME—RULINGS ON EVIDENCE.
The exclusion of testimony to a matter settled by the party's own contract, on which the action is brought, is not error.

4. BROKERS—COMPENSATION.
In an action for compensation agreed to be paid for services, it is immaterial whether defendant realized any profit or value from the services.

5. APPEAL—HARMLESS ERROR.
The exclusion of a question which was subsequently answered, or of evidence of a matter afterwards fully testified to without contradiction, or which subsequent testimony renders unavailable to the party offering it, or of a question previously put and answered, are not cause for reversal on appeal.

6. EVIDENCE—OPINION.
Questions to a witness, whether plaintiffs ever brought to defendant any one willing to make the arrangement with him which plaintiffs had undertaken to procure, or an arrangement with him upon satisfactory terms, and whether they ever brought to him any one willing to make any arrangement other than one he had spoken of, are inadmissible, as calling for a conclusion of fact, and an opinion whether plaintiffs had performed their agreement.

Appeal from city court, general term.

Action by William Rockwell and Charles J. Pearson against Thomas D. Hurst. Defendant appeals from a judgment of the general term of the city court affirming a judgment of that court entered on the verdict of a jury for plaintiffs for $540, and affirming an order denying a motion for a new trial. At the trial, on cross-examination of one of the plaintiffs, he was asked what defendant agreed to pay them for, and what was said by defendant in regard to their compensation for, their services; to which plaintiffs' counsel objected, on the ground that the evidence might tend to vary or modify the terms of the written instrument signed by defendant. The objections were sustained, and defendant's exceptions thereto are the exceptions first mentioned in the opinion. A witness named Anderson, who was defendant's agent, was asked by defendant's counsel whether plaintiffs ever brought to defendant, or to the witness for him, any one who was willing to make the arrangement referred to in the agreement, for procuring which defendant promised to compensate plaintiffs, or an arrangement with him in regard to the matter, upon satisfactory terms, and whether they ever brought any one who was willing, or said he was willing, to make any arrangement, upon any other terms than those the witness had spoken of; to which, questions plaintiffs' counsel objected as incompetent. The objections were sustained, and defendant excepted.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*John H. Parsons,* for appellant. *Ira G. Darrin,* for respondents.

DALY, C. J. The defendant employed plaintiffs, upon a promised compensation of $500, to procure a party who would furnish the necessary money to erect such a factory as the defendant needed for his business, on certain lots of land in Brooklyn; stipulating, however, that the terms of the transaction should be satisfactory to him. The plaintiffs thereupon procured a party who was able and willing to furnish the money for the required purpose, and introduced him to the defendant, with whom, and the latter's agent, he had some preliminary conferences concerning the cost of the building, estimates

for that purpose being procured from an architect. Before the question of terms was reached, the defendant concluded that the cost of the factory would exceed the figure had in view, and abandoned further negotiations, notifying the plaintiffs of the fact. The plaintiffs commenced this action to recover the value of the services they had rendered in procuring the party in question, claiming $500 as compensation therefor, alleging the contract of employment as above stated, the procuring of the person to furnish the money, notice to the defendant, the refusal of the latter to accept the money, the expenditure of time and effort by the plaintiffs under such employment, and the value of such services. The defendant answered, alleging a different contract of employment, to-wit, in substance, that the plaintiff Pearson was to procure the necessary money to build the factory, but that his compensation was to be contingent upon the use of said money by defendant for such purposes; that the person procured by plaintiffs to advance moneys was not willing to do so except upon conditions not satisfactory to defendant; and denying the value of plaintiffs' services.

Upon the trial, the allegations of the complaint were fully sustained by the evidence. The agreement of employment of defendant was in writing, and was produced, and it contained no such conditions as defendant set up in his answer, but only required that the terms upon which the money was to be advanced should be satisfactory to defendant. It was shown that there was no practical dispute as to such terms, because the defendant abandoned the idea of building upon discovering that the factory would cost more than he anticipated. The defendant himself swore: "I don't know that Mr. Peters [the party procured by plaintiffs] ever stated to me the terms upon which he would enter into such a contract. The details were undertaken by Mr. Anderson, [defendant's agent,]—the particulars of the transaction. I did not continue these negotiations, because the price was so much greater than I contemplated in the beginning, or that I could afford. The cost of this building largely exceeded the amount that I had originally considered as the probable cost." After this unqualified statement of his reasons for abandoning the project, his counsel attempted to draw from him, and to make it appear, that he was actuated in so doing by a report from Mr. Anderson that Mr. Peters had required 10 per cent. upon the cost of the building as the profit to himself. Mr. Anderson testified that such a proposition was broached by the plaintiffs on behalf of Peters, and that he was surprised thereat; but he was confronted with his own letter to plaintiffs, setting forth a detailed scheme of the proposed building enterprise, whereby a builder advancing the money for the building would receive as profit 10 per cent. on the cost of construction, besides other percentages, making a margin of nearly 30 per cent. return for his money the first year, and more afterwards. As defendant swore that Anderson was authorized to arrange terms and details, this piece of evidence shows clearly that it was not any dissatisfaction with the terms proposed by. Mr. Peters that caused the defendant to break off the negotiations, but that the true reason was, as stated by him, that the projected building would cost more than he anticipated.

The court left it to the jury to say whether the plaintiffs had procured a party ready, willing, and able to furnish the necessary money to erect a factory that was needed by the defendant in his business, on terms that were satisfactory to him; and they found a verdict for the plaintiffs for the full amount claimed. No exception was taken by the defendant to leaving the question of performance to the jury, but, on the contrary, he asked that the court charge that "terms of the offer brought by this party to the defendant must have been shown by the plaintiffs to have been satisfactory before they can recover." The court said: "I have so told them, and that they must show that by a preponderance of evidence." It would have been quite proper for the court to instruct the jury that the plaintiff did not claim as for a full

performance of their contract, but for the value of their services which they had rendered up to the time that the defendant terminated their employment, and for damages for his act in doing so. Upon such a charge, the jury might have given less than the stipulated compensation, but there was no exception to the charge as made, and the defendant did not request that the value of the services rendered should be left to the jury. For this reason we are not called upon to review the correctness of the charge, nor anything connected with the submission of the case to the jury, there being no exception in that respect. Our duty as an appellate court is confined to the review of alleged errors when the question is raised by the proper exceptions.

The defendant was content to rest his legal rights upon his exceptions to the denial of his motion to dismiss the complaint, not upon the form in which the case was submitted to the jury. The motions to dismiss were properly denied, for plaintiffs were suing for the value of the services rendered, and they were entitled to recover something upon the facts proved. Pursuant to the terms of their employment, and strictly in conformity therewith, they had procured a party able and willing to furnish the necessary money to enter into negotiations with the latter as to the terms of furnishing such money, and there is nothing to show that such terms would not have been satisfactory to the defendant. On the contrary, it may fairly be inferred from the evidence that, had the latter concluded to go on with the contemplated enterprise, he would have got the money upon his own terms, as proposed by his agent Anderson. The plaintiffs, therefore, had substantially performed their contract, but at all events had so far performed as to be entitled to compensation for what they had done. It is true, as claimed by the appellant, that one who employs a broker may terminate the employment at will, while negotiations on the part of the latter remain unsuccessful. *Sibbald* v. *Iron Co.*, 83 N. Y. 378. That was a case in which the broker, as the court said, "had been unsuccessful. He had not made a bargain, and had failed to bring buyer and seller to an agreement after having had four months' opportunity; and now his authority was terminated without his having earned commissions." This is not the case before us. Here the plaintiffs had been successful as far as they had been permitted by the defendant to go, and were not given the opportunity to go further. There might have been something more for them to do. It was their duty to bring the party to the terms prescribed by their employer, and that might have involved more or less negotiation, but it does not lie with the defendant to say that, because this was not performed, the plaintiffs have not earned their recompense. Perhaps we might go so far as to say that, under the cases, the defendant, having made the performance of the condition precedent impossible by his own act, is estopped from denying that the plaintiff had not performed. *Gallagher* v. *Nichols*, 60 N. Y. 438; *Risley* v. *Smith*, 64 N. Y. 576, 2 Pars. Cont. c. 1, § 5. We cannot say that anything remained to be done by plaintiffs to earn their commission. The evidence does not, as we have said, warrant the inference that there would have been any difficulty about terms. For aught that appears, the plaintiffs had substantially performed their whole undertaking. This consideration disposes of the point made on the appeal, (but not specifically raised upon the trial,) that there is no proof of the value of the services rendered by the plaintiffs, and the jury had the right to find that the services rendered were worth the whole stipulated price, because the contract had been substantially performed.

There remain to be considered only the exceptions to rulings upon the admission and rejection of testimony. None of them were well taken. At folios 31 and 32, the defendant inquired as to a matter which was settled by his own written contract; at folio 39, as to an immaterial matter, viz., whether defendant ever realized any profit or value from plaintiffs' services; at folio 49, as to a matter which was subsequently answered; at folio 57, as to com-

munications between defendant and his own agent,. which were afterwards fully testified to by the agent, and were not contradicted, (folios 70 and 71;) at folios 58 and 60, as to his own mental conclusions, which he might well enough have been allowed to give as it concerned the question whether the proposed terms were satisfactory to him, but, as it subsequently appeared that substantially the same terms had been originally proposed on his behalf by his own agent, he could not be permitted to assign them as a cause of dissatisfaction, and, if he had, it would have contradicted his own testimony as to his reasons for abandoning the negotiations, (folio 56;) at folios 62, 63, 74, and 96, questions were asked concerning the same matter; at folios 72 and 73, the witness Anderson was asked, in substance, to state a conclusion of fact, and to give an opinion as to whether the plaintiffs had performed their agreement; at folio 94, the question objected to had already been put and answered, (folio 73.)  None of these exceptions requires a reversal.  The judgment and order appealed from should be affirmed, with costs.  All concur.