William C. Kenneth, Jr., Respondent, v. Morris Newgold, Appellant, Impleaded with The Equitable Trust Company of New York, Defendant.

First Department, May 31, 1918.

Pleading — motion for judgment — answer — action to recover moneys placed in escrow — answer alleging that plaintiff did acts which prevented performance by defendant — appeal — determination of Special Term not stare decisis.

A motion for judgment on the pleadings, made after the defendant had served a second amended answer, must be decided on the complaint and the last answer, and the plaintiff has no right to support the motion by the original and first amended answer.

In an action to recover moneys deposited in escrow to which the plaintiff would be entitled if the defendant, pursuant to an agreement, removed an outstanding incumbrance on his real estate leased to the plaintiff and substituted therefor a new mortgage which was to be limited to a certain sum, it is a good defense to allege in substance that the defendant would have been able to remove the outstanding incumbrance save for the fact that the plaintiff with full knowledge of the facts interfered with the defendant's arrangement to pay the mortgagee by offering to the mortgagee more than was due from the defendant, and thus induced the mortgagee to refrain from reconveying to the defendant and from negotiating with him until the time set for the performance of the agreement had expired.

Under the agreement the plaintiff was under an implied obligation to refrain from intentionally doing anything which might interfere with or prevent the performance of the contract by the defendant, and he will neither be heard to claim damages for a breach which he induced nor to claim any relief under the contract on the theory of failure of performance of a condition precedent by the defendant, where the plaintiff has been instrumental in preventing performance.

Where the Special Term has held a former answer to be insufficient but the ruling was not reviewed by the Appellate Division, the matter is not *res adjudicata* or *stare decisis* so as to prevent the Appellate Division from subsequently sustaining an amended answer.

APPEAL by the defendant, Morris Newgold, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of December, 1917, granting plaintiff's motion for judgment on the pleadings, consisting of a complaint and an amended· answer, and further directing the defendant The Equitable Trust Company of New York to turn over to plaintiff the sum of $10,000.

*Abraham P. Wilkes* of counsel [*John Bogart,* attorney], for the appellant.

*Howard H. Nieman,* for the respondent.

LAUGHLIN, J.:

Notice of the motion was given to both defendants, but the Equitable Trust Company did not appear and the record contains no pleading by it. It appears that the appellant served a second amended answer, and, therefore, the motion so far as he is concerned, must be decided on the complaint and that answer. The plaintiff, however, improperly read in support of the motion the original and amended answers. They have been incorporated in the record but cannot be considered. If the purpose thereof was to show that defendant should not be granted further leave to amend that sufficiently appeared by the fact that his last pleading is a second amended answer, and if the purpose was to claim that the same question had been decided on motions with respect to the former pleadings, it was sufficient to draw the attention of the court to the decisions.

The action was brought to recover the sum of $10,000 which was deposited by plaintiff with the defendant trust company in escrow pursuant to a modification of an agreement in writing made between him and the appellant on the 6th day of January, 1917. In the original agreement the appellant was designated the vendor, and respondent the vendee. It recites that the vendor was the owner of the premises known as the Times Square Hotel in the city of New York,

which were subject to certain overdue mortgages and to other liens and incumbrances of record. The agreement provided that the vendor should lease the premises to the vendee for a period of ten years upon specified terms with a renewal privilege for a like period and should sell to him the furniture, furnishings and equipment then on the premises for $10,000 and that on or before July first thereafter the vendor should remove all incumbrances then on the premises and should procure a mortgage or mortgages not exceeding in the aggregate $150,000 running for five years with " proper covenants for the protection of the vendee as lessee; " and further provided that a bill of sale of the personal property and the purchase price thereof and the lease should be forthwith deposited with the trust company to be held for the benefit of the parties as their interests might appear until the vendor should procure and record the new mortgage or mortgages which were to be the only liens or incumbrances on the premises and that the parties should meet the day after they were recorded and that then on proof by the vendor of compliance with the agreement on his part the trust company should deliver the bill of sale and lease to the vendee and the $10,000 to the vendor. The agreement provided that the vendee was to be given possession on the signing thereof.

The plaintiff alleges, among other things, that the trust company refused to act as depository under the agreement, but entered into an agreement with appellant and respondent whereby it agreed to act as depository to hold the $10,000 and bill of sale and lease subject to their joint instructions in writing and that thereupon delivery was made to it accordingly; that it was thereupon further agreed between appellant and respondent that if the agreement of January sixth, which was continued in force, was not consummated by the first of July, the respondent might withdraw the $10,000; that at the time the first agreement was made the premises were subject to an overdue mortgage for more than $160,000 held by the Atlantic Dock Company, and that appellant failed to remove it and other incumbrances on or before July first, whereupon and on July second plaintiff demanded the return of the money, which was refused on objection thereto by appellant. The answer contains no denial of these alle-

gations. The plaintiff alleges other violations of the agreement by the appellant but they are denied.

The second amended answer after putting in issue certain allegations of the complaint pleads as a separate defense and counterclaim, repeating therein by reference the denials, that appellant was the beneficial owner of the premises but had executed a conveyance thereof to said Atlantic Dock Company as security for an indebtedness in excess of $160,000; that said company was ready, willing and able to reconvey the premises to appellant upon payment to it of $10,000 in cash and the execution to it of a bond secured by a mortgage on the premises for $150,000, and that relying thereon appellant entered into the agreements with respondent; that respondent, after the making of the agreements between him and appellant and with full knowledge of these facts, entered into negotiations with the Atlantic Dock Company for the purchase of its interest in the premises and offered it more than the amount for which it was willing to reconvey to appellant and wrongfully induced it to refrain from negotiating with appellant for a reconveyance of the premises and from accepting from appellant $160,000 for such reconveyance and induced it to postpone action with reference to reconveying to appellant until after said July first, whereby and solely by reason of the acts of the respondent appellant was unable to perform the agreement with respect to the removal of incumbrances and placing a new mortgage or mortgages thereon as he would otherwise have been able to do and would have done; that plaintiff is ready, willing and able to perform the agreement in all respects excepting in so far as it provides that the premises shall be subject only to a mortgage not exceeding $150,000, which provisions, it is alleged, were rendered null and void and were waived by said acts of the respondent which prevented compliance therewith by appellant. Appellant in his answer demands judgment dismissing the complaint and for specific performance in so far as " this plaintiff is able to perform the same "— by which is doubtless meant defendant — and for $10,000 damages.

The only question presented by respondent's motion and by the appeal is whether under these allegations in the separate defense facts may be proved which would prevent a recovery

by plaintiff. Under well-settled principles of law, I am of opinion that they may. The appellant has sufficiently pleaded that he would have been able to perform had not respondent with full knowledge of the facts wrongfully interfered with appellant's arrangement or understanding with the Atlantic Dock Company by offering it more than it was to receive from appellant and by inducing it to refrain from reconveying to appellant and from negotiating with appellant until after the period for performance by him expired. The respondent was under an implied obligation to refrain from intentionally doing anything which might interfere with or prevent performance of the contract by appellant and he will neither be heard to claim damages for a breach which he induced nor to claim any relief under the contract on the theory of failure of performance of a condition precedent by appellant where, as here alleged, he has been instrumental in preventing performance. (*Patterson* v. *Meyerhofer*, 204 N. Y. 96; *Zadek* v. *Olds, Wortman & King*, 166 App. Div. 60; *Richards & Co., Inc.*, v. *Wreschner*, 174 id. 484; *Rockwell* v. *Hurst*, 13 N. Y. Supp. 290; 26 Am. & Eng. Ency. of Law [2d ed.] 41; 13 C. J. 647, 648.)

It is, however, contended by counsel for respondent that the second answer does not differ materially from the former answers which the court at Special Term held were insufficient. It is not argued and of course it could not be seriously argued that the former orders are *res adjudicata* with respect to the sufficiency of this pleading which supersedes the former answers; but it is contended that they are *stare decisis*. They were not reviewed by this court and, therefore, the doctrine of *stare decisis* cannot be invoked here. We have the same authority to *overrule* the former Special Term decisions as we have to reverse the one now under review.

The plaintiff, therefore, was not entitled to judgment on the pleadings, and the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.