McCUTCHEON REALTY CORPORATION, Plaintiff, *v.* JOHN P. KILB, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, January 27, 1927.

Summary proceedings to dispossess — holdover tenant — provision that, if rent was not paid on first of each month, lease, at election of landlord evidenced by notice, should terminate fifth day following service of notice constitutes limitation on term — landlord entitled to maintain summary proceedings — acceptance of rent after first day of month for several months constitutes waiver of requirement that rent must be paid on first of each month — petition dismissed — effect of covenant against waivers — court will not assume to exercise equitable jurisdiction.

A lease, providing that if the rent reserved therein is not paid on the first day of each month, said lease at the election of the landlord, evidenced by written notice, shall terminate on the fifth day following the day upon which such notice shall have been served, must be construed as a conditional limitation upon the term, and as such entitles the landlord, on the falling in of the condition, to maintain summary proceedings against the tenant, under the statute, as a holdover.   (CHILVERS, J.)

However, the acceptance of the rent after the first day of each month for several months amounted to a waiver of the requirement that the rent must be paid on the first of each month, particularly in the absence of any notice to the tenant that the provision as to the payment of the rent on the first day of each month would be enforced.

Accordingly, though the tenant failed to pay the rent on the first of a certain month, and on the fifth day thereafter received notice to vacate, the petition herein, under the circumstances, must be dismissed.   Since, under the circumstances, the court has declined to enforce the provisions of the lease, it will not assume to exercise equitable jurisdiction, which it does not possess, to set aside the final order in favor of the tenant, notwithstanding the fact that the lease specifically recites that no waiver or series of waivers shall constitute a modification of the lease " unless in writing and signed by the landlord."   (GENUNG, J.)

Mᴏᴛɪᴏɴ to dismiss petition on the ground the tenant is not a holdover, and that consequently summary proceedings will not lie.

*Showers & Jason* [*Peter W. Quinn* of counsel], for the plaintiff.

*Clarence W. Roberts* [*Sidney S. Bobbe* of counsel], for the defendant.

Cʜɪʟᴠᴇʀs, J. The lease provided that " If the rent herein reserved shall not be paid on any day whereon the same is due and payable * * * .at the election and option of the landlord, evidenced by a notice in writing from the landlord to the tenant, this lease and the estate hereby granted and created shall cease and come to an end, and the term of this lease shall be deemed and construed to cease and expire at midnight on the 5th day following the day upon which such notice shall have been served or mailed * * * and this lease shall expire as fully and completely upon the 5th day after such notice as if that date were the date herein definitely fixed for the expiration of the term hereof."

The rent for the month of November due under the lease on the the first day of the month was not paid, so .on November fifth notice was served on the tenant pursuant to that provision in the lease.

The landlord contends that the provision quoted constitutes a conditional limitation upon the term, and that on November tenth the term expired under the provision of the lease. The tenant says that the provision quoted constitutes a condition entitling the landlord to re-enter for condition broken, but does not entitle the landlord to maintain summary proceedings against him under the statute as for a holdover.

If this provision is a conditional limitation, the term has expired and the proceedings are maintainable. If this is a condition entitling the landlord on his option to re-enter, action in ejectment must be brought.

The distinction is very clear. If under the express language of the lease it is to expire on the happening of a contingency expressly provided for, the term ends. If, however, the lease gives the landlord the election only that the term come to an end, it does not come to an end by the express language of the lease, so that the term is not limited and the landlord must enter for the condition broken.

The cases have quite consistently held that where the lease gives the election to the landlord to limit the term on the happening of an event and state that he shall evidence his election by a notice, and further say that after the expiration of a stated period from the giving of the notice the term shall come to an end, the provision constitutes a limitation upon the term.

In many instances the lease gives the landlord the privilege of ending the term on non-payment of rent or some other condition, but since in those instances the language in the lease itself does not say how or when the term is to end, there is no limitation on the term by the express language, so that summary proceedings will not lie and the remedy of the landlord is to re-enter by action in ejectment.

The case of *Matter of Lonas* v. *Silver* (201 App. Div. 383) is on the border-line. There it was provided that in the event the arbitrators were not able to agree within four months upon a reduced rental, then, at the option of the landlord, the lease was to cease and determine forthwith; and the Appellate Division in the second department held that a notice to the tenant of the landlord's election was sufficient to terminate the lease.

That case is difficult to follow; if the word " forthwith " were not in that lease, it would be even more difficult to follow. However, here we have a stronger and a very clear case. Under the express language of the lease, the method by which the termination was to take place is definitely expressed. On the falling in of the condition the term was to be limited by the giving of a notice and the lapse of five days thereafter. This was clearly a conditional limitation.

The petition, therefore, is sufficient and the motion to dismiss is denied.

On Motion for Direction of Verdict in Favor of Tenant.

Genung, J. This is a summary proceeding brought to recover possession of premises occupied by the tenant in accordance with the provisions of a lease between the parties.

Preliminary motion to dismiss the petition was denied by Chilvers, J., who held that the clause of the lease was a conditional limitation and not a condition, and that the landlord was entitled to maintain summary proceedings.

I am of opinion that the acceptance of the rent after the first of the month, for a number of months, amounted to a waiver of the requirement that the rent must be paid on the first of each and every month in advance, at least until there was some notice by the landlord to the tenant demanding the payment of the rent on the first of the month and declaring that after such date the provision of the lease requiring the payment of the rent on the first of the month would be enforced. No such notice was given in this case. The tenant failed to pay the rent on November 1, 1926, and on November 5, 1926, received notice to vacate after five days for non-payment of the rent on the first of November. Under

Municipal Court of New York, January, 1927.    [Vol. 129

the circumstances I think the tenant is entitled to a dismissal of the petition. (*Montant* v. *Moore*, 135 App. Div. 334; *Bishop* v. *Agricultural Ins. Co.*, 130 N. Y. 488; *Thomson* v. *Poor*, 147 id. 402.)

At the trial both sides moved for the direction of a verdict and the court took the question from the jury and reserved decision, allowing briefs to be filed within ten days.

The motion for a direction of a verdict in favor of the tenant is granted and final order is made in favor of the tenant.

## On Application to Set Aside Final Order in Favor of Tenant and for New Trial.

Genung, J.    The landlord expresses the belief that the conclusion of the trial court " overlooks entirely the covenant of the lease," as follows: " The Tenant covenants that no modification of this lease or any of the provisions thereof or surrender of the demised premises or of the remainder of the term herein shall in any event be or be deemed to be valid unless in writing and executed with the same formalities as this lease; also, *that the failure of the landlord to insist upon strict performance of any of the covenants or conditions of this lease, or to exercise any option herein conferred in any one or more instances, or any delay on the part of the Landlord in exercising any of the rights hereunder, shall not constitute or be construed as a waiver or relinquishment for the future of any such covenants, conditions or options, or of such rights and remedies, but the same shall be and remain in full force and effect; also, that no waiver or series of waivers shall constitute or be construed as a modification of any part of this lease, unless in writing and signed by the Landlord.*"

It appears that the effect of such a covenant has not been passed upon by the courts of this State.    There is a reference to a similar clause in *Boskowitz* v. *Cohn* (197 App. Div. 776).    Such a covenant was considered in *O'Byrne* v. *Jebeles & C. C. Co.* (165 Ala. 183), and it was held that the lessee could not claim a waiver of forfeiture for the breach of a covenant because he was lured to inattention by the conduct of the landlord.

In the present case the court has concluded: " * * * that the acceptance of the rent after the first of the month, for a number of months, amounted to a waiver of the requirement that the rent must be paid on the first of each and every month in advance, *at least until there was some notice by the Landlord to the Tenant demanding the payment of the rent on the first of the month and declaring that after such date the provision of the lease requiring the payment of the rent on the first of the month would be enforced.*"

In making this decision the court has declined to enforce the

provisions of the lease, at least until the service of such a notice, and has not assumed to exercise equitable jurisdiction, which it does not possess. (*Simon* v. *Schmitt*, 137 App. Div. 625; *Armstrong* v. *Shapiro*, 207 id. 304; *De Vita* v. *Pianisani*, 127 Misc. 611.) The court is of opinion that the first decision was correct and was in harmony with the spirit of recent decisions in this State. (*Beatty* v. *Guggenheim Exploration Co.*, 225 N. Y. 380; *Nove Holding Corp.* v. *Schechter*, 218 App. Div. 479.) The motion is denied.