PAUL PLEATING & STITCHING Co., INC., Landlord, *v.* MURRAY LEVINE and Another, Doing Business as MURRAY & MURRAY, Tenants.

Municipal Court of New York, Borough of Manhattan, Ninth District, June 5, 1930.

*David G. Stember*, for the landlord.

*Paley & Gore*, for the tenants.

LAUER, J. Summary proceedings are sought to be maintained by the landlord because of a clause in the lease which provides that " if default be made in the payment of the rent * * * or if without the consent of the landlord the tenant shall * * * assign * * * this lease, or if default be made in the performance of any of the covenants and agreements of this lease contained on the part of the tenant to be performed, * * * the landlord may, if he so elects, at any time thereafter terminate this lease and the term thereof by giving to the tenant five days' notice in writing of its intention so to do and this lease and the term thereof shall expire and come to an end on the day fixed in such notice as if said date were the date originally fixed in this lease for the expiration thereof * * *." This clause is in the nature of a conditional limitation and is sufficient to warrant the maintenance of summary proceedings. (*McCutcheon Realty Corp.* v. *Kilb*, 129 Misc. 637.)

The necessary notice was given as required in this clause and the proceedings are properly before the court.

The question then presented is: Has the lease been breached as claimed by the landlord? The landlord claims a breach in that the rent for March, 1930, was not paid until March twenty-eighth and the rent for the month of April, 1930, was not paid until April eighteenth and the rent for the month of May was not tendered until May sixth. The rents for the months of March and April were received and accepted by the landlord. The rent for the month of May was afterwards returned to the tenant by the landlord. The notice pursuant to clause 19, the clause just quoted, was served on the fifth of May, terminating the lease as of May eleventh.

I do not think that any breach can be claimed now to exist by virtue of the payment and acceptance of the rents for March and April. It seems to me that despite the clause in the lease in respect to waivers the landlord must be regarded as being estopped to claim a present breach. The clause in the lease is contained in paragraph 21 and provides: " The failure of the landlord to insist upon a strict performance of any of the terms, conditions and covenants herein shall not be deemed a waiver of any rights or remedies that the landlord may have and shall not be deemed a waiver of any subsequent breach or default in the terms, conditions and covenants herein contained." The landlord cannot accept the rent and then say that the tenant breached the agreement by virtue of not having paid in time. The positions, it seems to me, are inconsistent under the lease. In other words, he cannot claim that the term is at an end after he has accepted rent for a period beyond the time when the breach occurred. By the acceptance of the rent he must be held to have overlooked the fact that the rent was not paid promptly according to the terms of the lease.

A more serious question is presented in respect to the failure on the part of the tenant to pay the May rent which, according to the terms of the lease, was payable on the first day of May. This rent was not paid until May sixth. It is true that the lease provides that a previous waiver shall not be deemed a waiver of any subsequent breach or default, but where a course of conduct has been established of the acceptance of rent by the landlord after the first of the month, when, according to the terms of the lease, the rent was payable, something must be done to indicate to the tenant that the landlord intends to live up to the strict letter of the lease. Here the landlord accepted on a day much later than the due date the rents for the two previous months, thus leading the tenant to the belief that a strict performance according to the terms of the lease so far as the date of payment of the rent is concerned was not insisted upon. Had the landlord sought to advise the tenant that it proposed to have him live up to the strict terms of the agreement by making the payment of rent on the first of the month, as therein provided, I think a proper construction of the waiver clause of the lease would be that the landlord had not waived his right to insist on payments according to the terms of the lease. In other words, he would not have waived his right of insistence upon strict performance by any earlier waiver such as the acceptance of rent for two previous months at a later date than the due date. My associate, Mr. Justice GENUNG, has expressly so held in the case of *McCutcheon Realty Corporation* v.

*Kilb* (129 Misc. 637). To the same effect is the case of *Montant* v. *Moore* (135 App. Div. 334), which was one of the cases relied on in the decision of *McCutcheon Realty Corporation* v. *Kilb* (just cited).

In the *Montant* case the claim of forfeiture of the term of the lease was made because of the failure to pay at the date specified in the lease. The custom of payment after the date specified in the lease had continued in that case for some years. The court held that a custom had grown up between the parties in respect to the making of the payments, which custom was to be regarded as in substitution of the method provided in the lease. The fact that in the present case the practice had not been continued for so long a time in my judgment does not make the case of *Montant* v. *Moore* inapplicable where the tenant who was required to make the payments was led into the belief that he would not be in default if the payments were not made upon the precise date provided in the lease. As stated in the *Montant* case: " So long as the person obligated complies with the customary method, he should not be regarded as in default."

The law does not favor forfeitures, and a party to a contract may by his conduct estop himself from enforcing the provision against a party who has acted in reliance upon such conduct. (*Bishop* v. *Agricultural Insurance Co.*, 130 N. Y. 488.)

The claim is also asserted by the landlord that the tenant has defaulted because of an assignment of the lease. It appears that on May 1, 1930, a new partnership consisting of one of the original partners and party to the lease was entered into with a third party not a party to the lease, one of the original parties and partners having retired. In other words, one of the original parties and partners remained, the other retiring and someone taking his place in the partnership. I do not think this state of facts constituted a breach of the terms of the lease against the assignment of the lease. (*Roosevelt* v. *Hopkins*, 33 N. Y. 81.) It is argued by the landlord that this is an old case, but I see no force in that argument since, so far as I know, the case has not been overruled, and although the case was decided in 1865, it appears sound law to-day. (*Galligan & Company* v. *P. S. M., Inc.*, 116 Misc. 754.)

While the case was tried before the court and a jury, the jury was dispensed with during the course of the trial and the matter submitted as a proposition of law to the court.

I conclude that the tenants are entitled to a dismissal of the proceedings.