## In re KANTOR'S DELICATESSEN, Inc.

### No. 38522.

District Court, E. D. New York.
Aug. 29, 1940.

As Corrected Sept. 4, 1940.

David Haar, of New York City, for petitioner, for the motion.

Weinshenker & Weinshenker, of New York City (Alan G. Fleischer and Louis J. Weinshenker, both of New York City, of counsel), for Trustee, opposed.

CAMPBELL, District Judge.

This is a hearing on a petition of Ruth Paula Realty Corporation to review an order of Henry C. Frey, Esq., Referee in Bankruptcy, dated July 11, 1940, which directs the said Ruth Paula Realty Corporation to turn over to the Trustee the sum of $550 in its possession.

The Ruth Paula Realty Corporation was the owner of certain premises, which it leased to the bankrupt and one Florence Kantor, who was the president of the bankrupt, by written lease, at a fixed rental, payable monthly, and pursuant to the terms of that lease the bankrupt, and not Florence Kantor, deposited with the Ruth Paula Realty Corporation the sum of $650 as security.

The paragraphs of the said lease relating to said deposit read as follows:

"15th. The Tenant has this day deposited with the Landlord the sum of $650.00 as security for the full and faithfull performance by the Tenant of all the terms, covenants and conditions of this lease upon the Tenant's part to be performed, which said sum shall be returned to the Tenant after the time fixed as the expiration of the term herein, provided the Tenant has fully and faithfully carried out all of said terms, covenants and conditions on Tenant's part to be performed. In the event of a bona fide sale, subject to this lease, the Landlord shall have the right to transfer the security to the vendee for the benefit of the Tenant and the Landlord shall be considered released by the Tenant from all liability for the return of such security; and the Tenant agrees to look to the new Landlord solely for the return of the said security, and it is agreed that this shall apply to every transfer or assignment made of the security to a new landlord. Security to bear interest at 4% per annum and to be applied as rent for the last three months of the term of this lease, or any part thereof."

"8th. That if the said premises, or any part thereof shall be deserted or become vacant during said term, or if any default be made in the payment of the said rent or any part thereof, or if any default be made in the performance of any of the covenants herein contained, the Landlord or representatives may re-enter the said premises by force, summary proceedings or otherwise, and remove all persons therefrom, without being liable to prosecution therefor, and the Tenant hereby expressly waives the service of any notice in writing of intention to re-enter, and the Tenant shall pay at the same time as the rent becomes payable under the terms hereof a sum equivalent to the rent reserved herein, and the Landlord may rent the premises on behalf of the Tenant, reserving the right to rent the premises for a longer period of time than fixed in the original lease without releasing the original Tenant from any liability, applying any moneys collected, first to the expense of resuming or obtaining possession, second to restoring the premises to a rentable condition, and then to the payment of the rent and all other charges due and to grow due to the Landlord, any surplus to be paid to the Tenant, who shall remain liable for any deficiency."

"17. It is expressly understood and agreed that in case the demised premises shall be deserted or vacated, or if default

be made in the payment of the rent or any part thereof as herein specified, or if, without the consent of the Landlord, the Tenant shall sell, assign, or mortgage this lease or if default be made in the performance of any of the covenants and agreements in this lease contained on the part of the Tenant to be kept performed, or if the Tenant shall fail to comply with any of the statutes, ordinances, rules, orders, regulations and requirements of the Federal, State and City Government or of any and all their Departments and Bureaus, applicable to said premises, or hereafter established as herein provided, or if the Tenant shall file a petition in bankruptcy or be adjudicated a bankrupt, or make an assignment for the benefit of creditors or take advantage of any insolvency act, the Landlord may, if the Landlord so elects, at any time thereafter terminate this lease and the term hereof, on giving to the Tenant five days' notice in writing of the Landlord's intention so to do, and this lease and the term hereof shall expire and come to an end on the date fixed in such notice as if the said date were the date originally fixed in this lease for the expiration hereof. Such notice may be given by mail to the Tenant addressed to the demised premises."

For failure to pay the rent summary proceedings were instituted by the owner, against the bankrupt and Florence Kantor, and a final order was entered in those proceedings, directing the Marshal to put the bankrupt in possession.

This order was executed by the Marshal taking possession of the property, but he did not finally remove the tenants from the premises.

■ Assuming that nothing further appeared, there would be no question of the landlord's right to hold the amount deposited as security until determination of the lease. In re Homann (Burlingame v. Meyer), 2 Cir., 45 F.2d 481; Lenco, Inc., v. Hirschfeld, 247 N.Y. 44, 159 N.E. 718.

This case, however, has many other features, which cause it to present many other questions.

The bankrupt, and Florence Kantor, who was a co-tenant, had difficulties in establishing a new business, and were in the habit of paying the rent, not in full, but in installments, during the early part of the month.

■ Acceptance of payment for a number of months after the first of the month constituted a waiver of the requirement for payment on the first. Paul Pleating & Stitching Co., Inc. v. Levine, 137 Misc. 82, 242 N.Y.S. 729.

Originally the stock of the bankrupt corporation was held by two women, Florence Kantor, who was the president of the corporation, and Mrs. Black.

There was a salesman, Joel Newman, for Theodore Grand, Inc., who sold meat to the bankrupt. He furnished the financial backing for one Herbert Greenberg, who purchased the interest of Mrs. Black, paying her $500 in cash, which was advanced to him by Mr. Newman, and giving her notes in the amount of $1,000, which were endorsed by Mr. Newman. Mr. Greenberg, thereupon, became the Secretary and Treasurer of the corporation.

The landlord petitioner started the summary proceedings by serving the precept upon the corporation by delivering it to Herbert Greenberg, as secretary and treasurer. Service was not made upon Florence Kantor. Service of the warrant of dispossess was delayed at the request of Florence Kantor, president of the bankrupt and co-tenant, and while there is a conflict in the evidence as to whether Florence Kantor tendered the balance of the month's rent to the landlord's representative, before the warrant was executed, which was refused, there is no conflict in the evidence that she tendered such sum to the Marshal, before he executed the warrant, as the Marshal was not called to deny such tender, although the Referee granted an adjournment to permit the calling of the Marshal by the landlord.

■ We must not lose sight of the fact that Louis Lindauer, who was the agent and attorney for the landlord, was also an officer of the landlord corporation, and therefore, the landlord corporation was bound by his acts, and I do not see how the landlord can escape from the contention that it conspired with Greenberg and Newman, as it was bound by the actions of Lindauer in his dealings with Newman and Greenberg.

■ The Referee has found, and I believe correctly, that the landlord corporation, Newman and Greenberg conspired together to force out the bankrupt and Florence Kantor from possession of the

premises and obtain a lease thereof under the same terms and conditions for Herbert Greenberg, and by so doing, prevented the bankrupt from performing the terms of the lease and the landlord corporation, therefore, forfeited all of its rights under said lease, including the right to retain the security deposited with it. Patterson v. Meyerhofer, 204 N.Y. 96, 97 N.E. 472; Meinken v. Levinson, 239 App.Div. 382, at page 392, 267 N.Y.S. 612; Wolf-Kahn Realty Corporation v. Sussman et al., 265 N.Y. 572, at page 574, 193 N.E. 325; Kenneth v. Newgold, 183 App.Div. 652, 656, 170 N.Y.S. 803.

Inasmuch as the survival clause of the lease, relied upon by the landlord, is of course for its benefit, only where the landlord has not, as in this case, aided, abetted and facilitated Greenberg and Newman to oust the bankrupt can the landlord have the benefit of the survival clause.

On that ground, if for no other, the Referee properly found in favor of the Trustee.

On behalf of the landlord, the petitioner, however, it is contended that the proofs of conspiracy, taken before the Referee, were not within the issues framed by the pleadings.

The record, however, does not show that any objections were made by the counsel for the petitioning landlord to the receipt of proof offered to show the conspiracy, on the ground that it was not within the issues framed by the pleadings. On the contrary, he vigorously contested the issue of conspiracy on the merits.

Rule 15, subdivision (b), of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides as follows: "(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

The Rules of Federal Civil Procedure apply to Bankruptcy cases General Order No. 37, 11 U.S.C.A. following section 53 in effect February 13, 1939. In re Harbor Stores Corp., D.C., 33 F.Supp. 360, 42 A.B.R.,N.S., 593; Kroell v. New York Ambassador, Inc., 2 Cir., 108 F.2d 294.

The sole question is: Was "implied consent" given?

From the record, it appears to me, that such was the case.

This is further borne out by the testimony of Mr. Lindauer, the counsel and officer of the landlord, and also in his request for an adjournment in order to produce the Marshal, and further on the motion made on behalf of the landlord petitioner, when it rested, for a dismissal "on the ground that there has been no proof of any so-called conspiracy insofar as the landlord is concerned." Page 48 of the Transcript of Testimony before the Referee.

The Federal Rules of Civil Procedure do not speak of causes of action, but of claims and claims to relief, and the Trustee should be denied relief only when, under the facts proved, he is entitled to none. Nester v. Western Union Telegraph Co., D.C., 25 F.Supp. 478, at page 481.

It is true that no amendment was ever made to conform the pleadings to the proof, but under Rule 15(b) of the Federal Rules of Civil Procedure, that would not deprive the Trustee of the right to recover, because, if this Court, or even the appellate court, should consider it necessary, they would have the right to allow such amendment. Swift & Co. v. Young, 4 Cir., 107 F.2d 170, at page 172; In re Cleveland Discount Co., D.C., 5 F.2d 846.

Even if on the record the landlord petitioner might raise the question that the issues, which were tried, were not framed by the pleadings, which I do not believe it can do, the fact remains that it

has failed in its petition for review to disclose any alleged error with reference to the trial of issues not framed by the pleadings, as is required under Section 39, sub. c, of the Bankruptcy Act, 11 U.S. C.A. § 67, sub. c. In re Fineman, D.C., 32 F.Supp. 212.

The contention of the petitioner landlord is not sustained.

In the summary proceedings to regain possession of the property, the landlord petitioner failed to serve Florence Kantor, the co-tenant, and realizing the necessity to dispose of any claim she might have, it sought from her and received a release, the condition of which undoubtedly was that the landlord would not seek to recover any further rent, therefore, there remained no reason for the retention of the security, except as to the $100 rent, which has already accrued.

This is clearly shown by the fact that no proof was offered of any damage suffered by the landlord, other than the loss of the $100 rent.

 From all the evidence it seems clear to me, that it was the intention of the landlord to accept a surrender, when he received the release, and that the lease should be cancelled, and while the burden of proof is on the tenant to show such a surrender and acceptance thereof by the landlord, it appears to me that it is clearly shown by the evidence, especially by the testimony of Mr. Lindauer, the attorney for, and one of the officers of, the petitioner landlord. Levitt v. Zindler, 136 App. Div. 695, 121 N.Y.S. 483.

That this was the intention of the landlord petitioner clearly appears from the fact that it obtained from the new tenant exactly the same amount of security, to-wit $650, and under the same condition as was provided in the lease of the bankrupt and Florence Kantor, here in question.

 By the terms of the lease here in question, the security was to be applied to the payment of the rent of the last three months of the term, and as the landlord, as consideration for the release, agreed that no future rent should be collected from the bankrupt and Florence Kantor, the only right he had to the retention of the security was to the extent of $100 rent due and unpaid.

 I do not think it was necessary to set aside the release. Nester v. Western Union Telegraph Co., supra.

 The contention of the landlord petitioner that the order requiring the payment of the $550 to the Trustee may not be confirmed, because Florence Kantor is not joined with the Trustee in the turn-over proceedings, is not sustained, because the Trustee's petition for the turn-over specifically alleges that the security was paid by the bankrupt corporation, and the landlord in his answer admitted that to be a fact.

Under the circumstances it appears that Florence Kantor was not entitled to a return of the security, but that right was confined to the bankrupt corporation.

There is nothing in the record to show any damage to the landlord, other than the $100 rent, and that is the only claim, which it appeared to have, and the Referee allowed it to retain that sum.

 The failure of the Referee to strike out the testimony of Meyer Friedman, as not being binding upon the landlord, does not furnish a sufficient reason for refusing to accept his findings and conclusions, because, if there was a conspiracy, as found, and Greenberg was one of the conspirators, then all of the conspirators would be bound by his acts or statements with respect to acts involved in the conspiracy, and the Referee has found that the petitioner landlord was involved in the conspiracy. Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, at page 249, 38 S.Ct. 65, 62 L.Ed. 260, L.R.A.1918C, 497, Ann.Cas.1918B, 461.

 The Referee saw and heard the witnesses, and there is evidence to sustain his findings, therefore, the findings of the Referee should not be disturbed, unless they be clearly erroneous, which I can not find in this case. In re Mendota Building Co., 7 Cir., 92 F.2d 644, at page 645.

I can find nothing in the action of the Referee which appears to me to be inconsistent with substantial justice and, therefore, in my opinion the order of the Referee, in this case, comes clearly under Rule 61 of the Federal Rules of Civil Procedure, which provides as follows: "Rule 61. Harmless Error. No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judg-

ment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

The petition to review is overruled and denied, and the order of the Referee, sought to be reviewed herein, is confirmed.