ANNE SMALL et al., Doing Business as SMALL & Co., Landlords, v. B. F. DE BRUYN, Tenant, and CLYDE BURROWS et al., Under-tenants.

Municipal Court of the City of New York, Borough of Manhattan, November 18, 1946.

Samuel Silverman for landlords.

Samuel Markowitz for tenant.

T. John McKee for Clyde Burrows, undertenant.

Loreto, J. The petition alleges an election to terminate the lease pursuant to its terms by written notice served upon tenant's default in paying the rent when due.

The landlords claim that thereby the relationship of landlord and tenant was terminated and, therefore, they are warranted in bringing this summary proceeding.

No demand for the payment of rent has been made. The landlords stand on the provision of the lease which reads: " It is expressly understood and agreed that in case the demised premises shall be deserted or vacated, or if default be made in the payment of the rent or any part thereof as herein specified * * * the landlord may, if he so elects at any time thereafter terminate this lease and the term hereof, on giving to the tenant of five days' notice in writing of his intention so to do, and this lease and the term thereof shall expire and come to an end on the date fixed in such notice as if said date were the date originally fixed in this lease for the expiration thereof. Such notice may be given by mail to the tenant addressed to the demised premises."

If they were to proceed on the ground of nonpayment of rent, this proceeding would fail because no demand was made, and a personal demand is a statutory prerequisite.. (Civ. Prac. Act, § 1410, subd. 2; Zinsser v. Herrman, 23 Misc. 645.)

It is clear that the landlords do not want the rent; they want the premises since it appears that immediately after receipt of the written notice and prior to the commencement of these proceedings, the tenant tendered a certified check for all the rent due, which the landlords returned.

The provision of the lease which the landlords have invoked by the written notice, may well be held to be a conditional limitation. (*Burnee Corp.* v. *Uneeda Pure Orange Drink Co., Inc.,* 132 Misc. 435.)

Nevertheless, the tenant having lawfully entered possession by virtue of a lease, even considering the lease as terminated at the landlords' option, the tenant is in the same position as he would be if the lease had come to an end by the expiration of its term. In both instances, having lawfully entered into occupancy, no longer protected by lease or contract, he becomes a statutory tenant, and his right to remain in possession comes within the purview and protection of the Rent Regulation for Housing in the New York City Defense-Rental Area (8 Federal Register 13914). (*United States Trust Co. of N. Y.* v. *Schaeffer,* 185 Misc. 148.) This regulation enumerates the instances or exceptions when an eviction may be had. Concededly, the landlords do not proceed under any of those exceptions. In fact, they contend they are entitled to a final order irrespective of the regulation. This contention is overruled.

In any event, the landlords having accepted rent from the tenant on prior occasions on various dates subsequent to the due date, the tenant had reason to believe that the landlords would not invoke a forfeiture of the lease because of the tenant's failure thereafter to pay the rent on the contract date, and this would be so nothwithstanding the delay in payment of rent on this occasion was for a longer period of time than on other occasions. Under such circumstances, it became necessary for the landlords to notify the tenant that they would thereafter insist on payment on the due date before exercising the option to terminate the lease because of the delay in making payment of the rent then due. Not having done so, the landlords became equitably estopped from enforcing that provision of the lease. (*Palmer & Singer Manfg. Co.* v. *Barney Estate Co.,* 149 App. Div. 136; *Paul Pleating & Stitching Co., Inc.,* v. *Levine,* 137 Misc. 82.)

The petition is therefore dismissed.