OPINION OF THE COURT
Edwin Kassoff, J.
Petitioner brought on this proceeding by order to show *700 cause to have respondent Marie J. Snowden removed from the Board of Directors of Rochdale Village (Rochdale), and to have petitioner placed on the board, and for other relief.
The parties appeared before the court for oral argument on October 27, 1988. At that time the attorneys for the respective parties entered into an agreed state of facts which may be summarized as follows:
On or about August 24, 1988 petitioner, who is a resident of Rochdale Village, presented to the management office a check for carrying charges for the month of August 1988. Thereafter on September 13, 1988 she gave the management a rent check for the month of September, and on that same date submitted a nomination in the name of Delores Blake with the address correct, but the apartment number incorrect, showing 10A when in actuality she lived in 10G. On September 19 Rochdale notified petitioner by mail that her check No. 731 dated September 12, 1988 for $570 issued for the September carrying charges was being returned because her August rent check No. 721 was returned by her bank for insufficient funds.
Petitioner on or about September 16, 1988 issued a replacement money order in the amount of $610 for the August carrying charges, which was accepted by Rochdale and recorded in its books on September 20. Sometime between September 26 and October 4, petitioner presented to Rochdale a money order for the returned September check in the amount of $597. Petitioner alleges that on or about September 16, 1988 she informed a person at the management office that the dishonor of the August check was a mistake by her bank. Petitioner at that time did not present a letter from her bank confirming the error. However, subsequent to the first board meeting of October 11, 1988, she produced a letter from her bank which made reference to check No. 721 and stated: "Our depositor, Delores A. Blake, has maintained a sufficient balance in his/her account to cover all the checks he/she has issued. As the error was initiated by the Bank, it is our wish that this incident in no way reflect an unfavorable credit rating for Delores A. Blake.” The letter which was admitted as petitioner’s exhibit No. 3 was signed by Nancy Esposito, bank representative, Goldome Bank.
On October 5, 1988, the election for the Rochdale Village Board of Directors took place with 20 people running for 10 seats. Petitioner’s name appeared on the ballot as Delores Blake-Smith. The Honest Ballot Association certified that petitioner received sufficient votes to be elected to the board. *701 Honest Ballot further certified that the election was conducted fairly and honestly and that a quorum was reached and that a total of 2,062 valid votes were cast.
On October 11, 1988, a Rochdale Village board meeting was called to order by the acting board chairman, Frank Mechanic. At that point, the Honest Ballot certification was read and nine of the newly elected board members were "seated” by Mr. Mechanic. The acting board chairman then stated that petitioner would not be seated because it had been discovered that she was not current on her carrying charges on the date for nominations, September 13, and, therefore, she was ineligible pursuant to article 3, § 9 of the Rochdale Village Incorporated bylaws which states: "No person shall be eligible to be a director of Rochdale Village Incorporated, who, at the time of his nomination is delinquent in the payment of carrying charges.” The meeting was then adjourned to provide petitioner time to submit proof as to her rent being current on September 13.
On the adjourned date, October 17, 1988, a board meeting was called to order by the acting board chairman and David McClean, a board member elected at the October 5 election, stated the position of the petitioner. Mr. Mechanic then ruled that petitioner was ineligible pursuant to the bylaws and that she would not be seated. A motion was made to overrule the chair and it was defeated by a vote of 7 to 7 with 1 abstention. The acting chairman then ruled that the petitioner’s position on . the ballot was a nullity and therefore the person receiving the 11th highest vote became the 10th highest vote getter and was elected. That person, respondent Snowden, was then seated.
The parties further stipulated that there is no provision in the bylaws for the enforcement of article 3, § 9, and that the bylaws do not require any other actions to be taken after the election for the individuals to begin their terms as directors. On October 5, 1988, there were 10 directorships up for election and there were 6 remaining board members, including the State representative.
The following issues must be decided by the court in this proceeding:
1. Was the petitioner ineligible to have her name placed in nomination on September 13, 1988 because of her alleged rent arrears? And if ineligible, did Rochdale waive its right by not removing her name from the ballot prior to election?
*702 2. Did the acting board chairman have the authority to refuse to seat petitioner on the board after she was certified by the Honest Ballot Association to be elected to the board by a quorum of Rochdale shareholders?
In a proceeding to confirm or set aside the election of a director, the court sits as a court of equity and thus may weigh the fairness of the election according to equitable principles with the court having incidental powers to effectuate its jurisdiction. The court is empowered to decide all necessary issues (Matter of Gearing v Kelly, 11 NY2d 201; Matter of Ohrbach v Kirkeby, 3 AD2d 269; Christ v Lake Erie Distribs., 28 AD2d 817; Business Corporation Law § 619; Not-For-Profit Corporation Law § 618). Prior to the enactment of Business Corporation Law § 619 and N-PCL 618, the court’s power was limited to confirming the election or ordering a new election. To overcome this limitation, the statutes were enacted to authorize the court to "confirm the election, order a new election, or take such other action as justice may require.” Therefore it is irrelevant whether the acting chairman at the October 17, 1988 board meeting had the power to declare petitioner’s election a nullity and to seat Snowden in her place. If the court should determine that petitioner was eligible to be a candidate, the court possesses the equitable power to take whatever action is necessary, under the circumstances, to restore her to the board (Matter of Kachic, 98 AD2d 965; 6 White, New York Corporations f[ 618.01).
The primary issue which this court will first address is whether petitioner’s alleged delinquency in payment of her carrying charges for the months of August and September 1988 made her ineligible to be elected as a director of Rochdale.
The basis for respondent’s argument is that carrying charges are due on the first of each month and that petitioner, who has a record of late payments, paid her August carrying charges on August 24 by personal check which was returned by her bank marked "insufficient funds”. This "bounced” check was replaced by a money order on September 16, 1988, three days after the date for nominations. On or about September 12, 1988, petitioner paid the September carrying charges by personal check. Subsequent to September 13 this check was returned to petitioner by Rochdale. Petitioner was advised that because her August check had "bounced”, a money order or certified check for carrying charges was required for a six-month period. Petitioner paid the September *703 carrying charges by money order on October 4, 1988. Rochdale does not allege that the September 12 personal check was invalid. Rochdale accepted both the August and September carrying charge payments from petitioner.
Rochdale’s argument that petitioner was "delinquent” in her payments on September 13 is without merit.
It is well settled that although a lease may stipulate the times when rents or carrying charges are payable, the parties may by their course of conduct establish another method for the payment of rent or carrying charges. (McCutcheon Realty Corp. v Kilb, 129 Misc 637; Montant v Moore, 135 App Div 334; Paul Pleating & Stitching Co. v Levine, 137 Misc 82.) Respondent Rochdale concedes that petitioner’s carrying charges were consistently late over the past year, usually by 3 or 4 weeks each month. In order to reestablish the method of payment required by the lease after a modification by the course of conduct of the parties, the landlord must notify the tenant that the custom created by the tenant will not be permitted to continue and that payment of carrying charges will be required upon the day stipulated in the agreement and that if the tenant complies with the prescribed method of payment he will not be regarded as in default in performing his covenant to pay carrying charges as originally provided. (Montant v Moore, supra; Small v De Bruyn, 187 Misc 1045; Paul Pleating & Stitching Co. v Levine, supra; McCutcheon Realty Corp. v Kilb, supra.) If the landlord fails to do this, then he waives the right to enforce any penalty or forfeiture because of a failure of payment at the specified time. The customary method of payment will prevail over the method stipulated in the lease unless proper notification is given to the tenant and having established a custom of acceptance of late payments, the person who is obligated to make the payments is not in default, if made after the stipulated date. Rochdale, by its own admissions, acknowledges that petitioner consistently paid her rent late and concedes that it accepted her payment whenever made. The record is barren of any proof that Rochdale at any time notified petitioner that her rent in the future would have to be paid on the first of the month. Therefore, since eligibility for nomination as a candidate for election to the board of directors requires that the nominee not be delinquent in the payment of carrying charges, Rochdale, by permitting constant late payments of 3 to 4 weeks each month over at least the past year, has waived its right to enforce the payment on the first of the month *704 requirement and cannot contend that the alleged late payments of the August and September rent are in violation of article 3, § 9 of the bylaws.
Rochdale’s further argument that petitioner is ineligible because her August rent check "bounced” is also without merit. Petitioner’s exhibit 3, the letter from her bank stating that there were sufficient funds available in her account to pay the August carrying charges and that the return of the check was the bank’s error, was admitted into evidence by stipulation of the parties and has not been refuted during these proceedings. It is also undisputed that Rochdale, upon receipt of the returned check, merely returned it to the petitioner and requested a bank certified check in its place and when the bank check was tendered, Rochdale accepted it as well as the August replacement check. This court of equity will not disenfranchise the stockholders of Rochdale Village when the uncontroverted evidence establishes that the August carrying charge check was, through no fault of the petitioner, incorrectly refused payment by her bank.
The validity of the election of the 10 directors is not in issue, the parties having stipulated that petitioner received enough certified votes to be elected to the board of directors. It was stipulated between the parties that the bylaws did not require any other actions to be taken after the election of candidates for the individuals elected to begin their term as directors. The term of office of the outgoing directors terminated upon the election and acceptance of office of the newly elected directors. (Halpin v Mutual Brewing Co., 20 App Div 583; Christ v Lake Erie Distribs., supra; United Growers Co. v Eisner, 22 App Div 1.) This was accomplished by the reading of the Honest Ballot certification in the presence of the newly elected board members at the October 11, 1988 board meeting. Therefore, the acting board chairman lacked the authority at the October 17 board meeting to declare petitioner’s election a nullity and to seat respondent Snowden in her place.
In reaching this determination, the court need not rule upon the remaining equitable issues, nor make any findings of fact other than those stipulated.
Accordingly, the court determines that petitioner was not delinquent in the payment of her carrying charges on September 13, 1988, the date of her nomination, that petitioner was duly elected to the board of directors and assumed the office of director of the corporation upon the announcement of the *705 certification of the election at the October 11, 1988 board meeting, that the board, through its acting chairman, lacked the power to deny petitioner her place on the board, and that the acting chairman’s declaration of a vacancy at the October 17 board meeting and the filling it with the appointment of respondent Snowden is null and void.