In the Matter of the Application of FRANK E. LONAS, as Landlord, Respondent, for the Removal of BARNE SILVER, as Tenant, Appellant, from Certain Real Property.

Second Department, May 26, 1922.

Landlord and tenant — construction of lease — provision that if part of premises be taken by city, rent for remainder of term shall be fixed by agreement of parties or by arbitrators within four months — on failure to fix rent lessor was given option to terminate lease — said provision was conditional limitation — summary proceedings to dispossess maintainable where lessor exercised option — lease "expired," within meaning of Civil Practice Act, § 1410, subd. 1 — not necessary to allege that arbitrators were appointed and failed to agree.

A provision in a lease that in case the city of New York shall take a portion of the premises the rent to be paid for the remainder of the term for the remaining portion of the premises shall be fixed by agreement, or if the parties cannot agree, the amount to be paid shall be fixed by arbitrators within four months after the title is taken by the city, and that in case the arbitrators fail to agree within said period, then at the option of the lessor the lease shall forthwith cease and determine, constitutes a conditional limitation and not a condition.

On the failure of the parties to agree as to the rent for the remainder of the term after the city has taken a portion of the premises, and the service of notice by the lessor upon the lessee that he exercise his option, the lease "expired," within the meaning of subdivision 1 of section 1410 of the Civil Practice Act, and summary proceedings may be maintained by the lessor to recover possession of the premises.

It was not necessary to allege in the petition that arbitrators were duly appointed and that they failed to agree, for it was sufficient to allege merely that the lessee did not agree with the lessor as to the amount of the rent for the remaining portion of the term.

APPEAL by the tenant, Barne Silver, from an order of the County Court of the county of Kings, entered in the office of the

clerk of said county on the 19th day of April, 1922, denying the tenant's motion to dismiss the petition in summary proceedings to dispossess, upon the ground of lack of jurisdiction.

*Meyer D. Siegel,* for the appellant.

*Robert H. Wilson,* for the respondent.

RICH, J.:

This is a summary proceeding instituted under section 1410, subdivision 1, of the Civil Practice Act to recover possession of demised premises occupied for business and not for residential purposes. That statute re-enacted section 2231, subdivision 1, of the Code of Civil Procedure.

The premises were demised for the term of ten years from January 1, 1920, to Barne Silver and Samuel Neuwirth, who prior to October 1, 1921, transferred his interest to the tenant, Silver. The lease provided, among other things, that in the event that any portion of the premises were taken over by the city of New York, the rent to be paid for the remainder of the term, for the remaining portion of the premises, should be fixed by agreement, or if the parties could not agree upon the rental the sum to be paid should be fixed by arbitrators within four months after title is taken by the city. The lease provided that if " said arbitrators shall fail to agree upon an amount of rent to be paid for the remaining portion of the premises for the remainder of the term, within said period of four months, then, at the option of the party of the first part, this lease shall forthwith cease and determine anything herein contained to the contrary notwithstanding."

The city of New York took title to a small portion of the premises on October 1, 1921, and on or prior to March 10, 1922 (more than four months thereafter), the tenant had not agreed upon the rent for the remaining portion of the premises, and the rent not having been fixed by arbitration the landlord, it is alleged, exercised the option contained in the lease, and caused to be served upon the tenant written notice thereof. This proceeding was then brought to remove the tenant as a holdover after the expiration of his term.

It is contended by the appellant that summary proceedings may not be maintained to recover possession of property except where the lease has " expired " or was terminated by a conditional limitation, and that where a lease may be terminated at the option of the landlord it does not constitute a conditional limitation.

This presents the sole question for determination. Did the language contained in the lease constitute a condition or a conditional limitation? I think it was a conditional limitation. The rule to be applied in determining this question in the case of

estates greater than estates for years, has been concisely stated in Crabb's Law of Real Property (§ 2135), viz.: " Where an estate is so expressly limited by the words of its creation that it cannot endure for any longer time than *until* the contingency happens upon which the estate is to fail, this is a limitation; " but " when an estate is expressly granted upon *condition* in deed, the law permits it to endure beyond the time of the contingency happening, unless the grantor takes advantage of the breach of condition, by making entry." In *Beach* v. *Nixon* (9 N. Y. 35) the court said: " This is clearly the rule as to estates greater than estates for years; and as to the latter if the rule in any case be different, *yet where the condition is so framed that the estate is void only at the election of the lessor, the same rule applies.*" A distinction between a condition and a limitation is sought to be drawn in *Matter of Guaranty Building Co.* (52 App. Div. 140, 142), where the court say, quoting from Chaplin on Landlord and Tenant (§ 606): " The election of the landlord to take advantage of a breach of condition by entry, and thus terminate the estate, is to be distinguished from the case where, by the provision of the lease, *the term is created to endure only until an option to earlier end it has been exercised by the landlord.* In the latter case, upon the exercise of the option, the term ' expires ' in the sense of the statute." In that case the provision contained in the lease was that, if default in the payment of rent at the time specified therein should continue for ten days, the lease and the term thereby granted should, upon the lessor's election, become null and void, and it was there held that the lease was terminated, not by a conditional limitation, but by the breach of a condition and the exercise of the option of the lessor, and, therefore, summary proceedings could not be maintained.

In *Miller* v. *Levi* (44 N. Y. 489) the lease provided that the lessor might terminate it at the end of any year in case he should sell or desire to rebuild, by giving sixty days' previous notice, and this was held not to be a condition, but a limitation, the term expiring by force of a sale and notice without any further act on the part of the lessor. A provision in a lease that in case of a sale of the property the landlord might terminate the lease by giving twenty days' written notice, was held in *Ashton Holding Co., Inc.*, v. *Levitt* (191 App. Div. 91) a conditional limitation, upon the happening of which the term " expired."

The lease in effect provided for a ten-year term, unless sooner terminated, (1) by the city's taking over a portion of the property; (2) the failure of the arbitrators to agree upon a new rental within four months thereafter, and (3) the exercise of the option to

terminate by the landlord. The lease "expired," within the meaning of the statute, upon the service of the landlord's notice that he had exercised his option, and summary proceedings were properly invoked. (*507 Madison Ave. Realty Co., Inc.* v. *Martin,* 200 App. Div. 146; *Matter of Szpakowski,* 166 id. 578.) No condition was violated, but the term expired of its own limitation upon the happening of the events provided for.

The point is made that the petition does not allege that arbitrators were duly appointed and that they failed to agree, but this was unnecessary. The petition alleges that the tenant has not agreed upon the rent for the remaining portion of the term. The important fact is that the rent was not agreed upon and it is of no consequence whether arbitrators were or were not appointed.

It follows, therefore, that the order of the County Court of Kings county should be affirmed, with ten dollars costs and disbursements.

BLACKMAR, P. J., KELLY, JAYCOX and YOUNG, JJ., concur.

Order of the County Court of Kings county affirmed, with ten dollars costs and disbursements.