CHARLES G. KOSS and Others, as Temporary Administrators of ELLA V. VON E. WENDEL, Deceased, Appellants, *v.* UNITED STORES REALTY CORPORATION, Assignee, Bankrupt, Respondent, and DORA AARONT, as Executrix, etc., and Others, Tenants, and 560 SEVENTH AVENUE, INC., and Another, Undertenants, Respondents, and BENJAMIN RAUCH, etc., and Others, Undertenants.*

Supreme Court, Appellate Term, First Department, March 17, 1933.

---

* Revg. 145 Misc. 462.

*George Flint Warren, Jr.* [*John Edmond Hewitt* and *Howard Carter Dickinson* of counsel], for the appellants.

*Glass & Lynch* [*Joseph Glass* and *Jerome Weinstein* of counsel], for the respondents United Stores Realty Corporation and 560 Seventh Avenue, Inc.

FRANKENTHALER, J.  This summary proceeding was brought on the ground that the respondents held over after the expiration of the term, the theory of the landlords being that the lease had expired by reason of a conditional limitation.  The trial judge held that the facts alleged in the petition did not show a limitation of the term, and accordingly dismissed the proceedings for lack of jurisdiction.

The covenant relied upon by the landlords and set out in the petition is contained in clause nineteenth as follows: " That if the tenants or any of them shall be or shall be declared to be insolvent or have been adjudicated a bankrupt or if the premises shall become vacant, or if the tenants shall default in the payment of the rent or in the fulfillment of any covenant of this lease the landlords may at their option, declare the lease terminated, in which case this lease shall (except for the remaining liability of the tenants) terminate as fully and completely as if the day of such declaration were the date herein definitely fixed for the expiration of the term; and the tenants will peaceably quit and surrender the premises or failing so to do the landlords, without penalty in any form, may re-enter or take possession according to law or by summary proceedings or by force or otherwise;  *   *   *."

The petition further alleges that the tenant, assignee of the lease, had been adjudicated a bankrupt, and that on or about August 10, 1932, the landlords had " declared said lease terminated by reason of the insolvency of said assignee of said lease, said United Stores Realty Corporation and said assignee's adjudication as a bankrupt, and gave due notice thereof."

The petition stated the necessary jurisdictional facts.

Unless there was an " expiration " of the term within the meaning of the statute (Civ. Prac. Act, § 1410, subd. 1) the tenant cannot be removed summarily as a holdover.  The cases make subtle distinctions between such an expiration of the term and the termination of the term upon breach of condition at the option of the landlord, the summary remedy being unavailing in the latter class of cases unless notice ending the term is distinctly provided for

in the instrument. (See *Burnee Corp.* v. *Uneeda Pure Orange Drink Co.*, 132 Misc. 435.)

" Although the holding over under subdivision 1 of section 1410, must be after the ' expiration ' of the tenant's term without permission of the landlord, as distinguished from its termination on breach of condition (*Oakley* v. *Schoonmaker*, 15 Wend. 226, at p. 230; *Matter of Guaranty Building Co.*, 52 App. Div. 140; *Janes* v. *Paddell*, 67 Misc. 420), the use of the word ' terminate ' or ' cancel ' or equivalent expressions, will not prevent a limitation where such results from the previous acts of the parties (*Miller* v. *Levi*, 44 N. Y. 489; *Burnee Corp.* v. *Uneeda Pure Orange Drink Co., Inc.*, 132 Misc. 435; *Bruder* v. *Geisler*, 47 Misc. 370). In the *Bruder* case it appeared that in the contingency provided for the tenant ' agrees to cancel said lease; ' and in *Matter of Szpakowski* [166 App. Div. 578] the tenant agreed on the happening of the contingency to ' get off ' the premises." (Keogh Landl. & Ten., Summary Proceedings, 62.)

A good working classification of the cases in which there may be a limitation or premature expiration of the term is given by the author above cited (p. 60) and shows that the summary remedy may be invoked (1) where the lease provides for a limitation of the term, technically so called, in which event, unless so agreed in the demise, notice is not an essential element of the limitation, although notice of the expiration should be given; and (2) where the lease provides that upon breach by the tenant of any condition or covenant the landlord is given the option to end the term on notice.

Of the first class of cases *Matter of Lonas* v. *Silver* (201 App. Div. 383) is probably the best recent type. There the lease provided that if any part of the demised premises was condemned, and arbitrators appointed, in the absence of an agreement by the parties as to the rent to be paid for what was left of the property, failed to agree within four months upon a new rental, " then, at the option of the party of the first part, this lease shall forthwith cease and determine anything herein contained to the contrary notwithstanding."

The second class of cases — of breach of condition or covenant followed by notice — is exemplified by *Martin* v. *Crossley* (46 Misc. 254).

The lease here presented comes within the first group above referred to, and the facts pleaded in the petition show the expiration of the term within the meaning of the statute. In this case the instrument provides that if the tenants or any of them be or shall be declared " insolvent or have been adjudicated a bankrupt, or if the premises become vacant," " the landlords may at their

option declare the lease terminated," etc. The insolvency or bankruptcy is not a breach of any condition or covenant in the lease; it is simply an event provided for during the running of the term, just as a vacancy might occur, or if the parties had agreed that in case the property was sold (*Miller* v. *Levi*, 44 N. Y. 489; *Morton* v. *Weir*, 70 id. 247), or if the tenant was elected to Congress, the tenancy should at the option of the lessor expire.

Final order reversed and new trial ordered, with thirty dollars costs to appellants to abide the event.

LYDON, J., concurs; UNTERMYER, J., taking no part.