CHARLES G. KOSS and Others, as Executors of ELLA V. VONE. WENDEL, Deceased, Landlords, Appellants, *v.* UNITED STORES REALTY CORPORATION, Tenant, Respondent, Impleaded with DORA AARONT, as Executrix, etc., and Others, Tenants and Undertenants.

Supreme Court, Appellate Term, First Department, July 31, 1933.

*George Flint Warren, Jr.* [*John Edmond Hewitt* and *Howard Carter Dickinson* of counsel], for the appellants.

*Glass & Lynch* [*Joseph Glass* and *Jerome Weinstein* of counsel], for the respondent.

CALLAHAN, J. This is the second appeal in this summary proceeding for holding over the term — a proceeding continued by the executors, under the powers conferred by the will, after probate pending the present appeal. At the opening of the trial the tenant moved to dismiss on the ground that the court had no jurisdiction, counsel claiming that the provision of the lease relied upon as limiting the tenant's term was a mere condition subsequent, not a conditional limitation. The trial judge sustained the tenant's contention and dismissed the proceeding. Upon appeal to this court it was decided that the proceeding was properly brought upon a limitation of the term, and the tenant's final order was reversed and a new trial ordered. (*Koss* v. *United Stores Realty Corp.*, 147 Misc. 44, revg. 145 id. 462.) The tenant's application for leave to appeal to the Appellate Division was denied by this court and also by the Appellate Division.

Instead of proceeding with a new trial as directed the tenant next moved for "judgment on the pleadings." There seems no warrant for such a motion in a summary proceeding, and it is clearly inapplicable where the proceeding is brought for holding over the term. Regarding the motion, however, as one to dismiss on the ground that the petition is insufficient, it is claimed that the temporary administrators, who began the proceeding, had no power under the order of the surrogate made pursuant to section 130 of the Surrogate's Court Act, as pleaded in the petition, to maintain this proceeding for holding over the term, for the reason, as contended, that they had no authority to elect to limit the term. The granting of such power was assumed, if not in effect conceded, by the tenant when in the first instance it attacked the petition on the ground that it did not state the necessary jurisdictional facts, and our prior determination sustaining the sufficiency of the petition and directing a new trial was decisive of the right of the petitioners to exercise the election.

Assuming, however, that the question is open, I think the petition is sufficient.

The petition alleges that by the order of the surrogate awarding temporary administration to the petitioners it was "further ordered that said temporary administrators be and they are hereby empowered to take possession of all real property of said decedent in the County of New York, or in any other County in the State of New York; and to receive the rents and profits thereof, and to institute and maintain any action or proceeding for collection of such rents or to enforce any rights or remedies with respect thereto." I may say parenthetically that as printed in the appeal papers

there is a clerical error in the quotation in that while we find a semicolon following the words " State of New York," the actual punctuation is a comma as appears in a photostatic copy of the order, and the clerical error may be disregarded.

In the light of the statute (Surr. Ct. Act, § 130) it seems to me a fair interpretation of the order as pleaded, that the petitioners are thereby authorized to maintain any action or proceeding which in their judgment may be advisable in furtherance of their right of possession of the real property of the estate, including a summary proceeding based upon their election, pursuant to the provisions of a lease, to limit the tenant's term. The petition does not disclose any reason why the petitioners, although entitled to resort to the summary remedy for non-payment of rent or for holding over after the expiration of the term, should be without authority where the limitation or holding over is based upon their election. Certainly there is nothing on the face of the petition which militates against the desirability of ousting a bankrupt and insolvent tenant, or which would require a special mandate of the surrogate in this instance rather than the exercise of the judgment of these administrators (the same persons to whom the testatrix committed the execution of her will) to limit the term. In this connection attention may be called to section 13 of the Decedent Estate Law, providing that " every will of a person dying after August thirty-first, nineteen hundred and thirty, shall be construed to give to the executor or trustee, who has duly qualified, the power to take possession, collect the rents, and manage, and to sell, mortgage and lease, all of the real property, * * * owned by the decedent at the time of his death."

Final order reversed, with ten dollars costs, motion denied and new trial ordered.

FRANKENTHALER, J., concurs; dissenting memorandum by LEVY, J.

LEVY, J. (dissenting). I dissent. The purpose of section 130 of the Surrogate's Court Act, which defines the powers of a temporary administrator with reference to real property, is " to empower the administrator to protect, care for and preserve property belonging to the estate which otherwise would be without protection and subject to waste." (*Matter of Ort*, 217 App. Div. 422.) Quite apart from the fact that the instant order, as embodied within the record on appeal, does not strictly conform to the provisions of the statute cited, its scope appears to authorize the temporary administrator to take possession of the real property, to receive the rents and profits, " and to institute and maintain any action

or proceeding for collection of such rents or to enforce any rights or remedies with respect thereto." The majority opinion attempts to interpret this order as authorizing the temporary administrators to maintain a proceeding which, in their judgment, may be advisable in furtherance of their right of possession of the real property, including a summary proceeding, predicated upon an election to limit the term. The language of the order is somewhat ambiguous, as the authorization to enforce any rights or remedies with respect " thereto " may refer either to the collection of rents or generally to incidents pertaining to the possession of the real property. If it means the former, it has no application here, because the proceedings did not arise out of non-payment of rent. If it means a broad delegation of power to declare the term at an end under a conditional limitation, it would appear, under the circumstances, beyond the express or implied power of the surrogate, for the surrogate could have no opinion of a situation in advance of its occurrence. It seems to me no blanket powers involving the exercise of discretion may be granted to a temporary administrator *in futuro*, beyond such as are implied in the ordinary course or in the prevention of waste. Here the bankruptcy, which creates the conditional limitation, occurred approximately a year after the order of the surrogate. I am of the opinion that where a situation is presented, involving the exercise of plenary powers with respect to real property, and but a temporary administrator is functioning, the court is obliged to give instructions upon consideration of all the facts and circumstances. The temporary administrator then becomes a mere ministerial agent under the specific guidance of the court. Obviously the surrogate is powerless to grant a blanket power or indulgence to such functionaries to exercise discretion in unknown situations that might obtain in the future.

Here it may well be that the temporary administrators did wisely in curtailing the tenure demised, but it may also equally well be that grave situations might arise from an injudicious exercise of a discretion such as was attempted here. It becomes perfectly patent, therefore, that the conduct of officers of this character must be safeguarded under the advice and supervision of the court. I vote to affirm.