Abraham B. Margulies, J.
Summary proceedings to remove the tenant on the ground that he is holding over without the permission of the landlord after the expiration of the tenant’s term. (Civ. Prac. Act, § 1410, subd. 1.)
The tenant occupies an apartment in a multiple dwelling free from-rent control under a written lease dated May 6, 1960, commencing on May 1, 1960, and expiring April 30, 1962; two paragraphs of which read as follows:
“ The Tenant shall pay the said rent at the time and. in the manner above provided without demand therefor.
“ This lease is given and accepted upon the express understanding that in the event of the breach of any condition or covenant herein, or if the Landlord or the Landlord’s Agents or assigns shall hereafter deem the tenancy an undesirable one, the Landlord or the Landlord’s Agents or assigns may terminate the lease by giving to the Tenant five days written notice of an intention to terminate the same, and the term of this lease shall in that event run to, and expire upon the date therein men *327 tioned, and any rent paid by the Tenant, in advance, for a period extending beyond the said date of termination, shall and may be retained by the Landlord in liquidation of damages and not by way of penalty or forfeiture, but nothing herein contained shall be deemed a waiver by the Landlord of any claim for damages for injury to the property prior to the said date of termination. ’ ’
Standing alone, the latter paragraph creates a conditional limitation. (Burnee Corp. v. Uneeda Pure Orange Drink Co., 132 Misc. 435; Ehret Holding Corp. v. Anderson Galleries, 138 Misc. 722.)
A lease containing a similar clause in a case tried in the Municipal Court, Second District, Queens, was found to be a conditional limitation and the landlord was entitled to recover possession of the premises demised to the tenant. (Razdel Realty Corp. v. Meyers, affd. App. Term, 2d Dept., June, 1937.)
In the instant case the tenant failed to pay the August rent provided for in said lease on August 1, 1960, and on August 9 the landlord caused to be served upon the tenant a written notice terminating the said lease as of August 16.
This court finds that the notice was proper and complies with the terms of the lease quoted above. If that was all to this case the answer would be simple and this court would direct a final order in favor of the landlord entitling it to possession.
However, the courts, to prevent an immediate forfeiture of a tenancy, seem ever to be on the alert to create a condition as we have come to know it rather than a limitation, or to permit the tenant to escape the harsh result by reason of waiver or a technicality.
The cases finding a conditional limitation were those where the language was plain and the intent clear. (Beach v. Nixon, 9 N. Y. 35; Riesenfeld, Inc., v. R-W Realty Co., 223 App. Div. 140; Van Raalte v. H. W. N. Realty Corp., 81 N. Y. S. 2d 521; Raywood v. Holden, 134 Misc. 443; Koss v. United Stores Realty Corp., 147 Misc. 44; Burnee Corp. v. Uneeda Pure Orange Drink Co., supra; Ehret Holding Corp. v. Anderson Galleries, supra; Manhattan Life Ins. Co. v. Gosford, 3 Misc. 509; Wolff v. Dicker, 152 Misc. 615.)
By reason of the attitude of the courts, a reading of the cases deciding the question as to whether the lease provides for a limitation or a condition finds subtle distinctions, technicalities and situations difficult to reconcile.
In an early treatise on this question McAdam, Landlord and Tenant, this comment was made. “ Whether a provision in a lease creates a conditional limitation or condition subsequent, *328 is frequently subtle, and the construction must depend upon each particular case presented. Conditions tending to defeat a grant are generally strictly construed, and the question must therefore be determined by this strict rule of construction.”
The distinction between a condition and a conditional limitation is principally in order to terminate a lease in case of a condition, some act must be done upon the happening of the contingent event such as making an entry; while, in case of a conditional limitation, the mere happening of the event is, in itself, the limit beyond which the lease no longer exists; in such a case, no entry or other act is necessary to terminate the lease. (Lyon v. Kersey, 103 N. Y. 264; Riesenfeld, Inc., v. R-W Realty Co., supra; Burnee Corp. v. Uneeda Pure Orange Drink Co., supra.)
The above definition of condition and conditional limitation seems clear enough, but as this court indicated, the subject is replete with attempts to avoid a limitation or if one is found some excuse to avoid its effect. (3 N. Y. Law of Landlord and Tenant, §§ 971, 973.) This court will attempt to review some of the cases holding to this point of view. In 98 Delancey St. Corp. v. Barocas (82 N. Y. S. 2d 802, affd. 275 App. Div. 651), Judge Pecora found a condition subsequent because a valuable leasehold was at stake and the default consisted of failure to make a minor repair. In Benner v. Coury (106 N. Y. S. 2d 857) there was no provision for termination of the lease other than the words “ landlord may sue for same, or re-enter said premises, or resort to any legal remedy ’ ’. In Small v. De Bruyn (187 Misc. 1045), where an occupant under a lease containing a conditional limitation became a statutory tenant, the court refused to project the condition into the statutory tenancy. There are several cases where by reason of acceptance of rent after due date constituting waiver of the requirement that rent be paid on date provided in lease. (McCutcheon Realty Corp. v. Kilb, 129 Misc. 637; Palmer & Singer Mfg. Co. v. Barney Estate Co., 149 App. Div. 136; Paul Pleating Co. v. Levine, 137 Misc. 82.) All of the foregoing are First Department cases whereas in the Second Department a contrary result appears in Razdel Realty Corp. v. Meyers (App. Term, 2d Dept., June, 1937, supra.)
Likewise in the instant case if the landlord sought to terminate the tenancy by reason of the conditional limitation clause because the tenant violated paragraph 1 of the lease that “ The tenant shall not drill into, drive nails ”, this court would find that the item complained of was inconsequential and not contemplated by the agreement as a condition which may result in a forfeiture.
*329 In all of the leading cases it appears that the search is for the intention of the parties from the language of the entire lease and only if there is a clear intention that when an event happens the lease by its terms comes to an end. In that connection this court would like to consider the impact of paragraph 20 of the lease. ‘‘ In the event that rent shall not be paid to Landlord within five days of due date thereof provided herein, and by reason thereof, Landlord shall by attorney and counselor-at-law institute summary proceedings based upon such non-payment of rent. The Tenant hereby agrees to pay the reasonable value of such attorney’s services, which is hereby fixed and stipulated to be Twenty-Five Dollars. Such charge shall be payable on demand, and upon failure of Tenant to pay same, such charge shall be added to the next month’s rent thereafter to become due, and the Landlord shall be entitled to the same rights and remedies as if it were rent.” This clause was typewritten.
Clearly this paragraph gives an additional remedy to the landlord by reason of nonpayment of rent on the due date. The first sentence is ineptly worded so that one is left up in the air at its conclusion, but it does contemplate a situation where rent may not be paid when due and the lease would not come to an end. Searching for the intention of the parties, the typewritten portion prevails over the printed clauses and would be the one that the tenant would be more apt to read. Mindful that forfeitures are not favored, it seems to this court that the parties did not intend a termination of the lease by reason of nonpayment of rent on August 1, 1960.
For the benefit of those interested in a learned discussion of many more New York cases see Niles, Conditional Limitations in Leases (1933) (11 N. Y. U. L. Rev. 15-30), 38 Yale L. J. 262; Yale L. J. (vol. 44, p. 1099), and for a form of conditional limitation Koss v. United Stores Realty Corp. (147 Misc. 44, supra).
Perhaps in the final analysis this question should be resolved by the Legislature. There should be no reason for the courts to strain to avoid forfeiture. Certainly it should be contrary to public policy that a tenant of residential property who fails to pay rent when due may be evicted without notice and an opportunity to cure default. A similar situation existed prior to 1921 where by reason of the same paragraph tenants were evicted because in the opinion of the landlord the tenant was undesirable. Manhattan Life Ins. Co. v. Gosford (3 Misc. 509, supra), wherein the court held that the lease did not circumscribe the landlord’s discretion to proceed from sufficient grounds and it was immaterial what reason landlord gave to *330 terminate the lease. Now by reason of subdivision 6 of section 1410 of the Civil Practice Act, it was provided: “ A proceeding seeking to recover possession of real property by reason of the termination of the term fixed in the lease pursuant to a provision contained therein giving the landlord the right to terminate the time fixed for occupancy under such agreement, if he deem the tenant objectionable, shall not be maintainable unless the landlord shall by competent evidence establish to the satisfaction of the court that the tenant is objectionable.” (As added by L. 1921, ch. 199.)
It is the opinion of this court that the only summary proceedings available to the landlord is the remedy set forth in subdivision 2 of section 1410 of the Civil Practice Act. Petition dismissed and final order in favor of tenant.