Leo Fassberg, J.
Summary proceedings are instituted here by the lessor against its tenant’s assignee on the grounds that the lease has expired by its own terms and that the assignee, tenant-respondent, Phalanx Motors, Inc. (hereinafter referred to as the tenant) has breached the essential terms of the lease by constant failure to pay the rent when due as provided in the lease. The contentions of the lessor are that the lease has expired by virtue of a conditional limitation on the one hand, and that the tenant has substantially broken its obligation under the lease on the other hand.
By way of defenses the tenant contends that the court has no jurisdiction under the facts and pleadings of the case, that this proceeding was stayed by the tenant’s paying of the rent, and that the conditional limitation claimed by the lessor is actually a condition.
The tenant claims that there is no jurisdiction to hear the case because it is not alleged in the petition accompanying the precept that notice was given to the tenant by the landlord that there was rent due, or the manner in which any such notice was served, and further jurisdictionally defective for the reason that the proceedings were brought at a time when the rent was not due. The petition mentions nothing about the giving of notice that proceedings would be brought for the rent due or for the possession of the premises in the alternative. During the 22-month tenure of this lease the lessor has by telephone demanded the rent and has given the tenant notice mentioned above by mail and at a different time, by personal service. Under subdivision 2 of section 1410 of the Civil Practice Act either personal demand or at least 3 days’ notice is required to evict a tenant for the nonpayment of rent. Demand by telephone has been held to be a proper personal demand. However, in addition to the failure to plead such demand or notice, or the manner thereof, it would appear that the statute does not envision that a demand or notice given at a period in the term of the lease other than the current period of default in the payment of rent as a grounds for dispossession is sufficient. This, despite the fact that the lease provides that, upon default in the payment of rent, the landlord may bring summary proceedings without notice to the tenant.
*116 The tenant in the instant proceeding also claims that there is no jurisdiction because the precept was signed on July 30, 1960, premature to an August default in payment of rent and after the landlord received a late payment of the July rent, which payment the landlord contends he has refused but which the tenant contends has been at least constructively accepted by the holding of the check in payment thereof by the landlord.
Therefore, whether or not there is jurisdiction in this proceeding depends upon the exact nature of the proceeding and the construction of a clause in the lease hereafter discussed. If the proceeding were based merely on the default in the payment of rent, which is not the case here, there would most probably not be proper notice or demand or a present default in the rent. If the proceeding were brought for the purpose of declaring an expiration of the lease, as is the intention here, there would be no obvious necessity of giving notice or showing a present default in the payment of rent. Section 1416 of the Civil Practice Act requires that notice be given to remove a tenant at will or a tenant at sufferance or a tenant in possession under the circumstances which fall under section 1411 of the Civil Practice Act (not covered by the present case). The court will assume that there is jurisdiction in this case to determine the question whether the lease has expired by virtue of a breach of a substantial obligation of the tenant to pay rent when due (on the first of the month as provided by the lease and the demand and notice given thereto) and by virtue of a conditional limitation, although each of these two claims stem from a failure to pay rent when due to which there would at some time presumably have to be given proper demand or notice.
The construction of the following clause in the lease, the standard form of store lease of the Real Estate Board of New York, Inc. (par. 17, subd. 2-a) is essential in the determination of this proceeding: “ if Tenant shall make default in the payment of the rent reserved herein or any item of additional rent herein mentioned or any part of either or in making any other payment herein provided. * * * Landlord may, without notice, re-enter the demised premises either by force or otherwise, and dispossess Tenant by summary proceedings or otherwise, and the legal representative of Tenant or other occupant of demised premises and remove their effects and hold the premises as if this lease had not been made, and Tenant hereby waives the service of notice to re-enter or to institute legal proceedings to that end.”
*117 The landlord contends that this clause provides for a conditional limitation — that in the event that the rent is not paid on the first of the month, as provided in the lease, the lease by its own terms comes to an end, relying on Koss v. United Stores Realty Corp. (147 Misc. 44 [1933]) and Ehret Holding Corp. v. Anderson Galleries (138 Misc. 722 [1930]). If the clause does in fact constitute a conditional limitation, it presumably would not matter whether there is a present default in the rent, and a stay of the proceedings under section 1435 of the Civil Practice Act by the deposit of rent or an undertaking with the court would not be available. (See 1 Rasch, Landlord and Tenant and Summary Proceedings, § 687.)
The clause quoted above is a condition rather than a conditional limitation. Being a condition, the landlord’s remedy is removal by reasonable force or by re-entry (ejectment) but not by summary proceedings even though the clause speaks of the latter remedy. Such mention of summary proceedings does not make the clause a conditional limitation. For summary proceedings to be available in the present case the tenant would have to be presently in default of rent with proper notice or demand given.
The cases manifest a very subtle distinction in setting up a conditional limitation as opposed to a condition. For the clause to be of the former type there must be a point of time before the institution of the proceeding when the lease has expired. Usually this is effectuated by the provision that, in case of a default by the tenant in the payment of rent, the lessor may terminate the lease by the giving of a 30-day notice [or any other period of time], and if such default is not remedied during the running of such notice, the lessor can resume possession by force or otherwise [otherwise includes summary proceedings]. Under such a clause the notice itself is a step in effectuating a limitation on the term of the lease, and upon the running of the time of such notice with the default unremedied, the lease expires. The fact that this expiration of the lease is volitional upon the election of the landlord to so terminate by giving notice (the word ‘ ‘ terminate ’ ’ has been held to be consistent with a conditional limitation, although the courts prefer the word “ expire ”) and by the ability of the tenant to remedy his default does not preclude a conditional limitation. (See 1 Rasch, op. cit., § 695.) It is the provision for the expiration of the lease by notice rather than the default in the payment of the rent that establishes the machinery for the ending of the lease.
It was said above that the usual clause provides for a notice, but the lease could also cease and determine by a contingency *118 such as “ until G-loversville becomes incorporated ” (aside from the problem of the Rule against Perpetuities), or in the event that the tenant be declared insolvent or be adjudicated a bankrupt as in Koss v. United Stores Realty Corp. (supra) cited by the landlord. In such a clause it is clear that there is a point of time prior to the institution of the proceeding when the lease has expired: at the incorporation of G-loversville, the declaration of insolvency or the adjudication of bankruptcy. Thus, the Koss ease is not an authority for holding the clause in the lease in the instant case to provide for a conditional limitation.
The clause in the petitioning landlord’s lease does not provide for an expiration of the lease prior to the commencement of the proceedings. The option given the landlord is to re-enter by force or otherwise, so that there is no time where it can be clearly established that the lease has expired. This is why a notice is provided in the clauses which have been held to be conditional limitations in the cases of nonpayment of rent. (See 1 Rasch, op. cit., § 692.)
A clause to the effect that, upon default in the payment of lent on the due date the lease expires, should be a conditional limitation, the default being the contingency which effects an expiration, but there do not appear to be cases involving such a clause. Such a clause would appear to be an unusual one, for the reason that the landlord would not have the option of keeping the lease alive during its normal tenure. The landlord cannot blow “hot” and “cold”; he cannot provide for an automatic expiration of the lease on the happening of an event and also have the option to keep the lease alive. A good compromise is Avorked out in the clause in Ehret Holding Corp. v. Anderson Galleries (supra), discussed above, by which the tenant, upon receiving 30 days’ notice of the landlord’s intention to bring the lease to an end, can remedy his default in the payment of rent or a breach of any other covenant so as to preclude a limitation on the lease. Such a clause, relied on by the petitioner, must be distinguished from the clause in the present lease which does not provide for the giving of notice, but only that the lease should end by an act or action or proceeding by the landlord to re-enter subsequent to default by the tenant. Subdivision 1 of paragraph 17 of the present lease provides for a conditional limitation of the lease by the instrumentality of the unremedied running of the notice period, but the same specifically refers to the covenants other than for the payment of rent or additional rent.
The landlord contends that the continued default in the prompt payment of rent is a violation of the lease entitling the landlord *119 to possession. The three very short decisions relied on by the landlord involve more serious violations of their respective leases than the present lease, at least quantitatively. In 974 Realty Corp. v. Ledford (9 Misc 2d 240 [1957]) there were 30 separate summary proceedings for nonpayment of rent. In Stern v. Harrold (12 Misc 2d 73 [1958]) there were 23 petitions and precepts. In Taylor, Inc., v. Teller (28 Misc 2d 508 [1960]) there were issued 9 precepts within 16 months, and the tenant admitted that payment was never made on time or even within a reasonable time. The instant proceeding is the fifth during the 22-month tenure of the lease. Furthermore, there is no evidence that payment was never made on time or within a reasonable time. The cases relied on should not be regarded as authority for the expiration of this lease grounded on the breach of a substantial portion of the lease.
Since there is no current default in the rent, nor has there been a re-entry, expiration or successful dispossession of the tenant, the landlord is not entitled to legal expenses and attorney’s fees pursuant to paragraph 18 of the lease.
For the reasons stated above, I am constrained to the conclusion that the petition of landlord should be denied and the landlord’s petition be dismissed. Judgment for tenant.