Per Curiam.

Appellants, who' own 50% of the stock of the Radium Chemical Company, Inc., seek, within the provisions of section 25 of the General Corporation Law, to set aside the election of a director.
In a proceeding under that section, the court sits as a court of equity which may order a new election ‘ ‘ as justice may require ”. We have concluded, as did the majority of the Appellate Division, that appellants have failed to show that justice requires a new election, in that they may not now complain of an irregularity which they themselves have caused.
Mrs. Meacham stayed away from the meeting of March 6, 1961 for the sole purpose of preventing a quorum from assembling, and intended, in that manner, to paralyze the board. There can be no doubt, and indeed it is not even suggested, that she lacked notice or in any manner found it temporarily inconvenient to present herself at that particular time and place. It is certain, then, that Mrs. Meacham’s absence from the noticed meeting of the board was intentional and deliberate. Much is said by appellants about a desire to protect their equal ownership of stock through equal representation on the board. It is, however, clear that such balance was voluntarily surrendered in 1955. Whether this was done in reliance on representations of Kelly, Sr., as alleged in the plenary suit, is properly a matter for that litigation, rather than the summary type of action here.
The relief sought by appellants, the ordering of a new election, would, furthermore, be of no avail to them, for Mrs. Meacham would then be required, as evidence of her good faith, to attend. Such a futile act will not be ordered (see Matter of Hoe & Co., 14 Misc 2d 500, affd. 285 App. Div. 927, affd. 309 N. Y. 719).
The identity of interests of the appellants is readily apparent. Mrs. Gearing has fully indorsed and supported all of the demands and actions of her daughter, and has associated herself *204 with the refusal to attend the directors’ meeting. A court of equity need not permit Mrs. Gearing to attack actions of the board of directors which were marred through conduct of the director whom she has actively encouraged. To do so would allow a director to refuse to attend meetings, knowing that thereafter an associated stockholder could frustrate corporate action until all of their joint demands were met.
The failure of Mrs. Meacham to attend the directors’ meeting, under the present circumstances, bars appellants from invoking an exercise of the equitable powers lodged in the courts under the statute. (See, also, Imperator Realty Co. v. Tull, 228 N. Y. 447, 457.)
The order appealed from should be affirmed, with costs.