■ WILLIE MAYS, Appellant, v JAMES L. BURRELL, Respondent.

The petitioner commenced the instant CPLR article 78 proceeding after a March 31, 1985 special meeting of the Antioch Baptist Church resulted in a vote to disband the church's senior choir. The court dismissed the proceeding, noting that "[t]he dispute over the disbanding of the choir is a controversy involving questions of church discipline and ecclesiastical rule and should be determined by the church judicatory and not the civil courts of the State."

The determination dismissing the proceeding was proper. It is well established that absent the invasion of civil or property rights, courts will not interfere with matters such as the instant one, concerning the internal affairs of a church *(see, Rector of Church of Holy Trinity v Melish,* 4 AD2d 256, *affd* 3 NY2d 476; *Rector of Christ's Church v Collett,* 208 App Div 695, *affd* 240 NY 563; *Waller v Howell,* 20 Misc 236). Moreover, the petitioner's conclusory allegations concerning the respondent's alleged violations of Religious Corporations Law § 164, dealing with the qualification of voters at the special meeting and of the notice provisions of the Religious Corpora-

tions Law, are insufficient to withstand a motion to dismiss. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.