■ DONG-PYO YANG, Individually and on Behalf of Himself and All Other Shareholders of 75 ROCKEFELLER CAFÉ CORP. Similarly Situated, Respondent, v 75 ROCKEFELLER CAFÉ CORP. et al., Defendants, and EMPIRE STATE CAPITAL CORP., Appellant. [855 NYS2d 84]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered June 20, 2007, which, insofar as appealed from, granted plaintiff's motion for a preliminary injunction enjoining defendant Empire State Capital Corp. (Empire), from taking any action seeking to sell, transfer, encumber, mortgage, lien or otherwise attempt to hypothecate any shares of defendant 75 Rockefeller Café Corp. pending hearing of the matter, and extended a temporary restraining order staying a proposed special meeting of shareholders, unanimously affirmed, with costs.

The court exercised its discretion in a provident manner in granting plaintiff shareholder's application for preliminary injunctive relief upon his clear showing of a likelihood of success on the merits of his claims that a corporate loan made by Empire was unauthorized by the corporation, that plaintiff would suffer irreparable injury unless the relief sought was granted, and that the balancing of the equities lies in favor of plaintiff and the corporation (*see W.T. Grant Co. v Srogi*, 52 NY2d 496, 517 [1981]; *Faberge Intl. v Di Pino*, 109 AD2d 235, 240 [1985]). The record evidence also establishes that Empire would not suffer injury as a result of the order maintaining the status quo with respect to corporate management and control pending litigation of the merits of plaintiff's individual and derivative claims (*see Walker & Zanger v Zanger*, 245 AD2d 144 [1997]). Furthermore, the court reasonably interpreted the

guaranty and pledge agreements as precluding Empire from exercising control over pledged shares of stock absent evidence of a default by the corporation. Concur—Saxe, J.P., Sweeny, McGuire and Acosta, JJ. [*See* 2007 NY Slip Op 31814(U).]