In the Matter of PAMELA THOMPSON et al., Appellants, v CARL S. BRUCE et al., Respondents. [885 NYS2d 737]—

In a hybrid proceeding pursuant to CPLR article 78 to review the determination of the Reverend Jesse Bottoms of Mount Carmel Baptist Church, Inc., and Leroy Adams, Chairman of

the Deacon's Ministry of Mount Carmel Baptist Church, Inc., dated October 6, 2007, which declined to terminate the appointment of Carl S. Bruce as pastor of Mount Carmel Baptist Church, Inc., and action for a judgment declaring, inter alia, that the vote of the membership of Mount Carmel Baptist Church, Inc., taken on October 6, 2007, resulted in the removal of Carl S. Bruce as pastor of that church and that he is no longer an employee of Mount Carmel Baptist Church, Inc., the petitioners-plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), entered March 10, 2008, as granted that branch of the motion of the respondents-defendants which was, in effect, for summary judgment, denied the petition, and dismissed the proceeding.

Ordered that the order and judgment is modified, on the law, by adding a provision thereto declaring that the vote of the membership of Mount Carmel Baptist Church, Inc., taken on October 6, 2007, did not result in the removal of Carl S. Bruce as pastor of that church and that he remains employed by that church as the pastor; as so modified, the order and judgment is affirmed insofar as appealed from, with costs.

At a meeting on October 6, 2007 a simple majority of the membership of Mount Carmel Baptist Church, Inc. (hereinafter the Church), voted in favor of terminating the pastorate of the respondent-defendant Carl J. Bruce. The moderator of the meeting announced, however, that because a supermajority of two thirds of the members had not voted in favor of termination, Bruce would remain as pastor. Four members of the Church (hereinafter the petitioners) then commenced this hybrid proceeding and action for, among other things, a judgment declaring that Bruce is no longer employed as the pastor of the Church or, in the alternative, declaring that the October 6, 2007 vote was invalid and directing that a new vote be held.

The procedures by which a Baptist pastor may be removed from office are defined by the governing principles of the congregation (see Religious Corporations Law § 25; *Walker Mem. Baptist Church, Inc. v Saunders,* 285 NY 462, 468 [1941]). Here, reading, as a whole, the provisions of the Church's constitution and bylaws with respect to the removal of a pastor (see *Matter of Gearing v Kelly,* 15 AD2d 219, 221 [1961], *affd* 11 NY2d 201 [1962]), the moderator was correct in announcing that a two-thirds vote was required to remove Bruce as pastor. The alleged irregularities in the voting, even if established, do not warrant judicial interference in the internal affairs of the Church (see *Mays v Burrell,* 124 AD2d 714 [1986]). Accordingly, the Supreme

Court properly granted that branch of the motion of the respondents-defendants which was, in effect, for summary judgment, denied the petition, and dismissed the proceeding.

The petitioners' remaining contentions are without merit. Spolzino, J.P., Dillon, Miller and Dickerson, JJ., concur.