■ In the Matter of COUNTY OIL COMPANY, INC., et al., Appellants, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION et al., Respondents. [975 NYS2d 114]—

In a proceeding pursuant to CPLR article 78 to review regulatory changes promulgated by the New York City Department of Environmental Protection prohibiting the use of certain types of fuel oils, the petitioners appeal from a judgment of the Supreme Court, Queens County (Grays, J.), dated May 23, 2012, which, upon a decision of the same court dated February 6, 2012, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In January 2011, the New York City Department of Environmental Protection (hereinafter the DEP) published a notice of public hearing and invited public comments on proposed amendments to New York City rules regarding emissions from the use of grade numbers 4 and 6 fuel oils in heat and hot water boilers and burners. In February 2011, several entities and individuals, including the National Oil Recyclers Association (hereinafter NORA), submitted comments. In its written comments, NORA argued that the proposed rule amendments would adversely affect the benefits of used oil recycling and would inadvertently lead to the proliferation of illegal and improper disposal of used oil, which would, in turn, lead to environmental damage.

The DEP assumed the role of lead agency and published a notice of intent to conduct an environmental review. In April 2011, the environmental assessment was completed, and the DEP

concluded that the proposed amendments would lead to reduced emissions of particulate matter and oxides of nitrogen, and that they would have no significant adverse impacts on the quality of the environment.

The petitioners are all members of NORA. In the first cause of action in their petition, the petitioners assert that the DEP's assessment was arbitrary and capricious because the agency failed to address NORA's comments and failed to consider the potential adverse impact of the amendments on the used oil recycling industry. In the second cause of action, the petitioners assert that the DEP did not provide a sufficiently reasoned elaboration of the basis for its determination that there would be no adverse environmental impact. In the third cause of action, the petitioners assert that the agency failed to publish the proposed amendments in its 2010 Regulatory Agenda, as required pursuant to New York City Charter § 1042 (c). The Supreme Court dismissed the first two causes of action for lack of standing and dismissed the third cause of action for failure to state a cause of action.

To establish standing to challenge governmental action under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]), the petitioners must show (1) that they will suffer an environmental injury that is in some way different from that of the public at large, i.e., that there is an "injury in fact," and (2) that the alleged injury falls within the zone of interest sought to be protected or promoted by the statute under which the governmental action was taken (see *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-773 [1991]; *Matter of Blue Lawn v County of Westchester*, 293 AD2d 532, 533 [2002]).

Allegations of potential economic injury alone are insufficient to confer standing under SEQRA (see *Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428, 433-434 [1990]). Here, the first and second causes of action allege the potential of economic harm, but they do not sufficiently allege that the petitioners will suffer an environmental injury that is in some way different from that of the public at large. Such allegations are insufficient to confer standing to assert the first and second causes of action (see *Mays v Burrell*, 124 AD2d 714, 714 [1986]; see also *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406 [1987]).

As to the third cause of action, the rule at issue, New York City Charter § 1042, requires the DEP to publish its proposed regulatory changes in its yearly regulatory agenda (see NY City Charter § 1042 [c]). It further provides that, if the agency does

not include the changes in the agenda, then the notice of proposed rulemaking should include an explanation for why the agenda did not include the proposed rules (*see id.*). However, the Charter provision specifically notes that the failure to provide an explanation does not result in invalidation of the rule (*see id.*). The Supreme Court correctly found this provision of the City Charter to be precatory in nature.

The petitioners' remaining arguments are without merit.

Accordingly, the Supreme Court properly dismissed the first and second causes of action for lack of standing and the third cause of action for failure to state a cause of action. Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.