■ IVAN CIMENT, Respondent, v SPANTRAN, INC., et al., Appellants. [65 NYS3d 26]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered March 10, 2017, and an order, same court and Justice, entered April 20, 2017, which, respectively, granted plaintiff's motion for a preliminary injunction and temporary restraining order preventing defendants from taking certain corporate governance actions pending a hearing, and denied defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

This action for declaratory judgment turns on the applicability of the shareholders agreement of nonparty Tekademic, Inc., now known as Morningside Translations, Inc., to the defendants. Plaintiff sufficiently alleged that defendants are subject to the shareholders agreement, and the documentary evidence does not conclusively establish otherwise.

Moreover, plaintiff made a prima facie showing of a reasonable probability of success on the merits of his declaratory judgment claim. That the facts are in dispute is not conclusive (*Barbes Rest. Inc. v ASRR Suzer 218, LLC*, 140 AD3d 430, 431 [1st Dept 2016]). Plaintiff also established that he will suffer irreparable harm absent injunctive relief, and that the balance of the equities weigh in his favor (*id.* at 432). Defendants have not shown that they would be harmed by maintaining the status quo pending litigation of the merits of plaintiff's claim (*Dong-Pyo Yang v 75 Rockefeller Café Corp.*, 50 AD3d 320 [1st Dept 2008]). Concur—Acosta, P.J., Tom, Webber, Gesmer and Singh, JJ.