Chih-Chen Ma v Wei Li Wang (2026 NY Slip Op 00975)

Chih-Chen Ma v Wei Li Wang

2026 NY Slip Op 00975

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Webber, J.P., Kapnick, Gesmer, Shulman, Michael, JJ. 

Index No. 655044/22|Appeal No. 5880-5881|Case No. . 2025-03586, 2025-00436|

[*1]Chih-Chen Ma, et al., Plaintiffs-Appellants,
vWei Li Wang, Defendant-Respondent, Ming Tong, Also Known as Ming Tung, Defendant. China Buddhist Association, Nominal Defendant. 

Law Offices of Bing L1, LLC, New York (Bing Li of counsel), for appellants.
Nelson Madden Black LLP, New York (Jonathan R. Nelson of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered December 20, 2024, which denied plaintiffs' motion for a preliminary injunction to enjoin defendant Wei Li Wang from holding herself out and acting as Grandmaster, trustee, officer, or member of nominal defendant China Buddhist Association (CBA), among other conduct, unanimously modified, with costs, on the law, to grant plaintiffs' motion to the extent of conforming with this Court's March 13, 2025 order enjoining Wei Li Wang from holding herself out as Grandmaster, officer, or trustee of the CBA pending an election consistent with Article 13 of the CBA's bylaws, and otherwise affirmed, without costs. Order, same court and Justice, entered June 2, 2025, which found plaintiffs to be in civil contempt of the court's January 2025 order, unanimously affirmed, without costs.
The motion court should not have denied plaintiffs' motion for a preliminary injunction to prohibit defendant Wei Li Wang (defendant) from holding herself out as Grandmaster, officer, or trustee of nominal defendant CBA pending the outcome of an election to confer that status upon defendant by vote of CBA's members and trustees under its bylaws. Contrary to defendant's contention, the ecclesiastical abstention doctrine does not apply where, as here, the corporate bylaws speak directly to the dispute (see Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d 282, 286 [2007]).
Plaintiffs sufficiently made their prima facie showing that the succession to Grandmaster falls within article 13 of the CBA bylaws, which establish a neutral principle of law, requiring that the former Grandmaster's chosen successor be confirmed by a vote of the members and the trustees. Because the process for selecting a Grandmaster with a vote of approval by the membership and the trustees is expressly set forth in article 13 of CBA's bylaws, no application or interpretation of religious principles is required (cf. Matter of Ming Tung v China Buddhist Assn., 124 AD3d 13, 20 [1st Dept 2014], affd 26 NY3d 1152 [2016], cert denied 580 US 1049 [2017]). Defendant's contention that the bylaws were not properly amended to add article 13 is unpersuasive, as she presents no evidence in support of this contention, and she acknowledges that she was not a member when these amendments were enacted (see Ciment v Spantran, Inc., 155 AD3d 494 [1st Dept 2017]).
Nothing in the Religious Corporations Law contradicts this outcome. Although Religious Corporations Law § 5 precludes a religious corporation's trustees from removing a religious leader, that section also requires adherence to the religious corporation's bylaws. Defendant's challenge to article 13 of the bylaws under Religious Corporations Law § 195 does not call for a different result, as that section does not expressly preclude the enactment of a more robust voting threshold under the religious corporation's bylaws (see e.g. Matter of Thompson v Bruce, 65 AD3d 1245, 1246 [2d Dept 2009]). Thus, plaintiffs established a likelihood of success on the merits of the claims arising from defendant's allegedly unauthorized assumption of the role of Grandmaster before the membership and trustees had voted on her succession to Grandmaster.
Supreme Court correctly observed that there is no dispute that the loss of control over CBA constitutes irreparable harm, as both parties sought injunctive relief on that basis (see e.g. Asprea v Whitehall Interiors NYC, LLC, 206 AD3d 402, 403 [1st Dept 2022]). Because injunctive relief precluding defendant from acting as Grandmaster, officer, or trustee preserves the status quo, as this Court's March 13, 2025, order reflects, the equities balance in favor of plaintiffs (see e.g. Barbes Rest. Inc. v ASRR Suzer 218, LLC, 140 AD3d 430, 432 [1st Dept 2016]). Accordingly, we modify the court's order to conform to this Court's March 13, 2025 order and preliminarily enjoin defendant from holding herself out as Grandmaster, officer, or trustee of CBA pending the outcome of an election to confer any of those statuses upon defendant by vote of CBA's members and trustees under its bylaws, and to otherwise maintain the status quo by placing the officers and trustees in control of CBA's day-to-day management until the election.
Supreme Court properly found plaintiffs in contempt of the court's January 14, 2025, order (see Gallagher v Old Guard of City of New York, 172 AD3d 609, 610 [1st Dept 2019]). The clear and convincing evidence supports the conclusion that plaintiffs violated the court's order directing the parties to abide by the December 5, 2022, board resolution until this Court's March 13, 2025, order was entered.
The court's January 14, 2025, order, of which plaintiffs were undeniably aware, expressly and unequivocally provided that, because the court's December 2024 order conflicted with the board's December 2022 resolution, the board's resolution controlled until the next election. Thus, plaintiffs' refusal to allow defendant access to the books, records, and bank accounts as provided in the December 2022 board resolution was a violation of that unequivocal mandate. Plaintiffs' contention that the other language in the order acknowledging that the governance of the CBA properly rested with the officers and trustees does not excuse their failure to abide by the court's unequivocal mandate (see e.g. Samaritan-Compass VI Hous. Dev. Fund Corp. v 1293-95 Rodman LLC, 217 AD3d 589 [1st Dept 2023]). As this Court's March 13, 2025, order reflects, plaintiffs knew the proper means to challenge what they viewed as an incorrect adjudication and failed to avail themselves of that process until defendant sought to hold them in civil contempt. Under these circumstances, Supreme Court also providently exercised its discretion to require plaintiffs to provide defendant with an operable key to allow her free access to her home.
We have considered the remaining contentions and find them unavailing.
 THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026